LUCIUS B. MARSH & others *vs.* RODERICK McKENZIE.

The courts of insolvency, being courts of record, have authority to amend errors in their records.

If the record of a court of insolvency shows that a decree was entered in due form for the issue of a certificate of discharge to an insolvent debtor, the judge cannot pass an order annulling such discharge, without notice to the parties interested, if the decree was actu- ally made and truly recorded, or without formal amendment of such record, if it is erroneous.

CONTRACT for the price of dry goods sold to the defendant. Writ dated August 31, 1864. Answer, a general denial. An additional answer set up the institution of proceedings in insol- vency against the defendant in the court of insolvency for Mid- dlesex, since the entry of the writ, and a certificate of his dis- charge in insolvency by said court; and the plaintiffs filed a replication denying the validity of the discharge, and alleging that the certificate was obtained through accident and mistake of the register of insolvency.

Trial in the superior court, before *Reed*, J., who allowed a bil of exceptions, the material parts of which were as follows :

" The plaintiffs introduced an auditor's report, the findings

whereof were in their favor, and then rested their case. The defendant, in his opening, stated that he should rely upon the discharge in insolvency set up in the additional answer. He put in no evidence upon the subject matter of the declaration, but offered a discharge, which makes a part of the case, and the record of the court of insolvency in the defendant's case, together with the papers in said case upon the files of said insolvent court, which record and papers may be referred to by either counsel. The plaintiffs, in reply, put in from said papers the paper marked A, which is a part of the case, and called one Sanford as a witness, who testified that he was counsel for the plaintiffs upon their claim against the defendant, in the court of insolvency, and who was permitted to testify, against the defendant's objection, that he made an oral application to that court for an examination of the defendant.

" The judge ruled that said paper A operated as an amendment of the record of the court of insolvency ; that that court had a right to make such an amendment without notice to the parties ; and that the discharge was rendered thereby invalid and inoperative. Neither party desired to address the jury ; whereupon, on this ruling, a verdict was taken for the plaintiffs ; and the defendant alleged exceptions."

By the copies annexed to the bill of exceptions it appeared that the record of the court of insolvency in the case of the defendant included an order for his discharge, signed by the judge of insolvency, under date of August 14, 1867, reciting that " at the third meeting of the creditors of said insolvent debtor, held by adjournment at this time, the court find" that he " has in all things conformed himself to the direction and requirements of the law relating to insolvent debtors," and " thereupon it is ordered that a certificate of discharge be granted to said insolvent debtor as provided by law ; " and it further appeared that the paper marked A, also signed by the judge, bore date of September 5, 1867, and recited that " whereas it was ordered by said court, at the adjourned third meeting in said case, held August 14, 1867, that said debtor be examined, and on the same day by mistake his discharge was made and delivered by

Marsh & others *v.* McKenzie.

the register, he not knowing that such examination was ordered, it is therefore decreed that said discharge is null and void, and said debtor is hereby ordered to return the same, that it may be cancelled."

*W. P. Harding*, for the defendant.

*W. S. Gardner*, for the plaintiffs.

Hoar, J. The questions which arise upon the exceptions are these: first, Had the court of insolvency power to make the order contained in the paper marked A? and second, Is it such an amendment of the record as vacates the discharge in insolvency of the defendant, and makes it inoperative for his defence in the suit?

1. We are of opinion that the judge of insolvency had the power to amend the record of his court according to the truth, if the record at first made was erroneous. Such an authority is incident to a court of record; and the court of insolvency is a court of record. Gen. Sts. *c.* 118, § 1. *Balch* v. *Shaw*, 7 Cush. 282. *Fay* v. *Wenzell*, 8 Cush. 315. *Rugg* v. *Parker*, 7 Gray, 172. More exactly in point is the decision in *Batty* v. *Fitch*, 11 Gray, 184.

2. But the difficulty remains, that, on inspecting the full record of the insolvent court, it does not appear that the paper marked A would constitute such an amendment of the record as would be necessary to invalidate the discharge, and such as we presume was intended by the court. It is suggested by counsel, and is probably true, that the whole of the record, which is referred to and made a part of the bill of exceptions, was not brought to the attention of the learned judge before whom the cause was tried in the superior court. The paper A recites that, an examination of the debtor having been ordered, the certificate of discharge was made and delivered to the defendant by the register, by mistake, and in ignorance of the order; and decrees that the discharge is null and void, and directs the debtor to return it to be cancelled. The discharge was signed by the judge; but it is said that this arose from the fact that the register filled up without authority a blank which the judge had signed to be used when it should be required. We

cannot regard the practice of leaving such blanks in the possession of the register, signed by the judge, as a safe or proper practice ; but, on the contrary, it seems likely to lead to error and irregularities. But if this order would have been sufficient to correct the mistake of the register, if that had been the only one, the record further shows a regular and complete order and decree of the court that the discharge should be granted. The discharge is therefore shown to have issued in pursuance of a decree duly entered ; and no amendment has been made of the record by striking out that decree ; which should have been made, if that entry were incorrect and no such decree was really made by the court. But if the court made that decree, as the record, while unamended, conclusively shows to have been the fact, it is not competent for the court to pass an order annulling the discharge. In other words, though an erroneous record may be amended, a decree actually made and truly recorded cannot afterward be revoked, nor can the proper proceedings which have resulted from it be declared void and cancelled, at the pleasure of the judge, at a subsequent time, and without notice. *Pettee* v. *Wilmarth*, 5 Allen, 144. *Hall* v. *Marsh*, 11 Allen, 563.

The exceptions must be sustained ; and, if the decree that a discharge should be granted was filled up by the register erroneously and without authority, upon a blank signed by the judge, and entered upon the record by mistake, the plaintiff must have the record properly and fully amended, before he can avoid its effect upon his rights. *Exceptions sustained.*