## Case No. 6,192.

### In re HASKELL.

[11 N. B. R. 164;[1] 1 Cent. Law J. 531; 1 Am. Law T. (N. S.) 182.]

District Court, D. Massachusetts. 1874.

BANKRUPTCY—ACT OF JUNE 22, 1874—COMPOSITION WITH CREDITORS—PROCEDURE.

1. The amendment to the bankrupt act of June 22, 1874 [18 Stat. 178], does not require that there should be a written proposition from the bankrupt preceding the notice to creditors, to lay the foundation for their action in accepting or rejecting a composition, and to inform them what they were to be asked to accept.

[Cited in Re Holmes, Case No. 6,632.]
[Cited in Scott v. Olmstead, 52 Vt. 212.]

2. There is nothing in the mere words of the statute to require, in cases of composition, any other or different statement than is required in bankruptcy, and the most obvious course would be to make it as much like that schedule as possible.

[Cited in Re Weber Furniture Co., Case No. 17,331.]
[Cited in Cobbossee Nat. Bank v. Rich, 81 Me. 174, 16 Atl. 510; Home Nat. Bank v. Carpenter, 129 Mass. 5.]

3. It is not the intention of the statute that no debtor can make a composition with his creditors, under section 17 of the amended bankrupt

[1] [Reprinted from 11 N. B. R. 164, by permission.]

act, who, by reason of preference or otherwise, would not be able to obtain his discharge.

[Followed in Re Becket, Case No. 1,210. Cited in Re Weber Furniture Co., Id. 17,330; Re Shafer, Id. 12,695.]

In bankruptcy.

LOWELL, District Judge. Several objections are taken to the acceptance of the resolution of creditors to accept a composition of twenty-five cents on the dollar. Section 17 of the amended bankrupt act introduces a new feature into the system, by enabling a certain amount and proportion of the creditors to accept a composition which shall be binding on all the rest. Full power is given to the supreme court to make rules; but until the next session of that court the law, being in full operation, must be worked out as well as may be. Three points have been argued:

First. That there should be a written proposition from the bankrupt preceding the notice to creditors, to lay the foundation for their action, and to inform them what they were to be asked to accept. There is much force in this objection, abstractly considered, and it may be that the rules will prescribe something on the subject; but the statute does not, I think, require it. The course of proceeding pointed out by the law seems to be for the creditors to meet and discuss, the debtor being present and answering all questions; and then they may not only accept or reject a proposition which was made and filed ten days before, but the debtor may make and they may accept quite a different proposition from that which he came prepared to offer. The creditors are to be notified of the time, place, and purpose of the meeting, but not necessarily of the precise proposition to be made; unless the matter should be carefully regulated, there might be danger of introducing too much precision by requiring that there should be a written point of departure for these proceedings. We have taken this section from the English act of 1869 (32 & 33 Vict. c. 71, § 126). Under that act, very many and careful rules have been made and forms have been prescribed. Nos. 106, 108. These forms do not contain, either in the application by the debtor, or in the notice to his creditors, any intimation of what the proposition is likely to be. This shows the judges construe that section in the way I have suggested; there seems to be no reason to say that the debtor must have made up his own mind what he will offer before he meets his creditors. He may be investigating his affairs and may need their advice and assistance.

Second. A somewhat similar course of reasoning lies to the second objection, which is that the statement of assets produced at the meeting was insufficient. This was the schedule of assets already filed in bankruptcy. There is nothing in the mere words of the statutes to require any other or different statement than is required in bankruptcy; and the most obvious course would be to make it as much like that schedule as might be, which is the rule prescribed by the court in England. It is true that such a schedule cannot inform creditors of such particulars as will enable them to decide understandingly upon an offer of composition. But what written statement will do this? The law requires the debtor to be present and to answer all inquiries, and the creditors are not bound to act until all such inquiries have been answered, including those by a majority or by a single creditor and including a due inspection and explanation of the books. All this had been done some weeks before by a committee of creditors, who had reported to the others; so that there was no real lack of information in this case, and I do not think I could lay down any better general rule for the written statement than that, in cases in which the sworn schedules have already been filed, they shall be used.

To consider the third objection in all its possible bearings would be tedious. The objecting creditor offered evidence which he insists proves that a preference, to a considerable amount was made to one creditor in June, after the debtor was insolvent. It is said that this fact would prevent the debtor's discharge, and therefore ought to prevent the acceptance of the resolution, which, if recorded, is intended to work a discharge. As I said at the hearing, I do not believe that the statute intends that no debtor can compound with his creditors, under this section, who would not be able to obtain his discharge. The law seems to leave it very much to the requisite number and amount of creditors, who, if all the facts are before them, may decide the whole matter. This thing had been known for weeks to all the creditors, and had been the subject of a report by a committee. The court has a discretion to accept or reject, as may be for "the best interest of all concerned." This means the best interest at the time being, all things considered. In passing upon the acceptance of the resolution, I think the court ought to take into view all the circumstances, including, perhaps, the probability of a discharge in bankruptcy, and certainly, the conduct of the several parties, in its bearing on the composition. I have found nothing in this case which requires to reject this resolution. Resolution to be recorded.