[In Case No. 13,183, a petition of review, filed by a creditor opposed to the composition agreed upon, was denied.]

## Case No. 6,632.

### In re HOLMES et al.

[8 Ben. 74;[1] 12 N. B. R. 86.]

District Court, S. D. New York. April. 1875.

PRACTICE IN COMPOSITION PROCEEDINGS—PRESIDING OFFICER—EXAMINATION OF DEBTOR—PLEADING.

1. Bankruptcy proceedings were initiated by H, one of firm of H. & L., against his partner. Before adjudication, both partners united in an application, under which proceedings in composition were pending. A meeting of creditors, having been called, was held at the office of the clerk and was presided over by the deputy clerk. One of the alleged bankrupts was under examination at the time of the promulgation of general order No. 36, requiring such meetings to be held before a register: Held, that that general order was prospective in its operation, and, in future proceedings, the meeting of creditors would be presided over by a register; but that, in the present proceeding, the deputy clerk should continue to preside.

[Cited in Re Mathers, Case No. 9,274; Re Proby, Id. 11,439; Re Bryce, Id. 2,069; Re Cheney, Id. 2,637.]

2. In composition proceedings a vote should not be taken, as long as creditors are prosecuting such inquiries of the debtors as will aid in determining whether the composition proposed should be accepted.

3. In such inquiries the books of the debtors must be produced, if desired, and a reasonable time allowed for their examination.

4. The presiding officer at such meeting has power to regulate the form and order of proceeding and to decide questions that arise, subject to review by the court.

5. The proceedings must be recorded in writing.

6. The examination of the debtor should be conducted like that of a witness in court.

7. The petition for a composition must set forth the nature and terms of the proposed composition and the belief that it will be accepted by two-thirds in number and one-half in value of the creditors.

[In bankruptcy. In the matter of Samuel Holmes and Lazarus Lissberger.]

F. N. Bangs, for creditor.
W. G. Choate, for debtors.

BLATCHFORD, District Judge. In this matter the alleged bankrupts were co-partners. One of them filed a petition in bankruptcy in this court on behalf of himself and against his co-partner, for the adjudication of both of them as bankrupts in respect of their co-partnership debts, and of the individual debts of each of them. There has been no adjudication of bankruptcy, but both of the co-partners have united in an ap-

1 [Reported by Robert D. Benedict. Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

plication, under which proceedings for a composition are pending under the seventeenth section of the act of June 22, 1874 [18 Stat. 182]. A first meeting of creditors having been called by the court to take place at the office of the clerk of the court, and the creditors having assembled, the deputy clerk held and presided at the meeting. Its proceedings being in progress and one of the alleged bankrupts being present at the meeting and being under examination by a creditor, the creditor raised the point before the deputy clerk, that, under general order No. 36, a register should hold and preside at the meeting. The point is certified to the court for decision.

The 17th section of the act of 1874 provides that the creditors may, at a meeting called under the direction of the court, resolve to accept a composition. The section provides for notice to each known creditor of the time, place and purpose of the meeting, but it contains no provision as to who shall preside at the meeting, and no provision requiring a register to preside at the meeting. It cannot be doubted that the meeting might lawfully be held in the presence of the judge and be presided over by him. It has been the practice in this district, where there has been an adjudication, to direct that the meetings of creditors in respect to composition be held at the office of the register to whom the case has been referred, and he has held and presided thereat. But in cases where there has been no adjudication, it has been the practice, in this district, to direct that such meetings be held at the office of the clerk of the court, and either the clerk or the deputy clerk has held and presided thereat. A reference of a case in bankruptcy to a register does not take place, under general order No. 4, until a voluntary petition is filed, on which there is a right to an immediate adjudication, or until, on an involuntary petition, there is an adjudication. The proceedings which are, by general order No. 4, required to be had before a register, are proceedings which are to take place after an adjudication in involuntary bankruptcy, or after the filing of a voluntary petition whereon an adjudication can be immediately had. Therefore, in the present case, where the adjudication was contested by the co-partner who did not join in the petition, no case for a reference to a register had arisen, and it was competent to the court to direct the meeting of creditors to be held and presided over by an officer other than a register. It seemed meet that the clerk of the court should be designated. The deputy clerk, a recognized statutory officer, duly appointed, acted in place of and in the absence of the clerk, with the assent of the meeting, down to the time this objection was made. The question arises whether, under general order No. 36, it is now incompetent to continue the meeting except with a register as its presiding officer. The

general order is entirely prospective in its operation, and purports to refer only to proceedings for composition initiated after its adoption. These proceedings were initiated before, and the meeting was in progress, with the deputy clerk presiding, when the general order was promulgated. The meeting, though adjourning from time to time, is a unit. The general order provides that "the register acting in the case, or, if no register has been assigned, a register to be designated by the court, shall, at the time and place specified in the notice for holding such meeting, hold and preside at the same." No register could now, at the time and place specified in the notice for holding this meeting, hold and preside at it, for such time has passed. If the general order is to apply at all to this meeting, the meeting must be dissolved, and the proceedings which have taken place must go for naught, and a new meeting must be called. No such result could have been intended or contemplated by the general order. In the absence of any general rules as to compositions, the courts have administered the provisions in such manner as seemed most proper, and in consonance with the existing statutes and general orders. In future cases, the provisions of general order No. 36 will be observed, but the present case will proceed as it has thus far gone on.

The question is also certified to the court as to what is comprehended under the language of the 17th section of the act of 1874, to the effect, that the debtor is, at the first meeting, to "answer any inquiries made of him;" as to the extent to which creditors have a right to carry the examination of the debtor, at such first meeting; and as to whether, if an examination of the debtor is desired by any creditor, or is in progress, and other creditors desire to have a vote taken on a resolution for composition, and objection be made by any creditor to taking such vote before the examination of the debtor is completed, the presiding officer of the meeting ought to postpone the taking of such vote until after such examination is completed.

The statement which is required by the statute to be produced to the meeting by or on behalf of the debtor, and which statement is to show the whole of his assets and debts, and the names and addresses of the creditors to whom such debts respectively are due, is a statement upon which the creditors are to act in determining, each for himself, whether he will vote in favor of a resolution accepting the proposed composition, and whether he will confirm it by his signature. The object in view in requiring the debtor to be present in person at the meeting and to answer orally any inquiries made of him, is to enable any creditor who may be dissatisfied with the contents of such statement, or may regard it as inaccurate, in omitting things which it ought to contain, or

in containing erroneous statements, to inquire of the debtor as to the particulars respecting which information is thought to be desirable. The composition proposed can be judged of only in reference to the condition of the debtor's affairs, in respect of debts and assets. The statement is supposed to contain a true exhibit of such affairs. The question whether the proposed composition ought to be accepted by any creditor, can be determined by him only after he has before him a true exhibit of the debtor's affairs. The percentage offered in settlement can be determined to be the proper percentage only by comparing a true statement of the debts with a true statement of the assets. The examination of the debtor, if desired or entered upon by any creditor, is for the purpose of arriving at a true exhibit of the debtor's affairs. The inquiries to be made must, of course, be only such as will properly be in furtherance of such object, and such as will aid in determining whether any composition at all ought to be accepted, or the terms of the one which ought to be accepted. Such inquiries are important, too, not merely with reference to the vote and action of the creditor who makes them, but with reference to the vote and action of other creditors. Therefore, such inquiries ought to be made and completed before any vote is taken, if any creditor desires the vote to be postponed until after the inquiries are completed. Creditors may go to the meeting with preconceived ideas in favor of a particular composition, and the creditor who desires to make inquiries may be satisfied that, on learning the true state of the debtor's affairs, such creditors will change their views. As he will be bound by the composition, if it shall be accepted and confirmed, and his name and address and the amount of his debt are shown in the statement of the debtor, he has a right to require that all creditors, in voting and in confirming, shall do so with knowledge of, or with the opportunity to know, the true condition of the debtor's affairs. Moreover, if the debtor has kept books in his business, such books, on the demand of any inquiring creditor, must be produced, and the debtor must answer all inquiries in reference to any entry in such books which bears upon the question of the exact condition of the debtor's affairs. These views appear to be those held by Judge Lowell, of the Massachusetts district, for he says, in Re Haskell [Case No. 6,192]: "The law requires the debtor to be present and to answer all inquiries, and the creditors are not bound to act until all such inquiries have been answered, including those by a majority, or by a single creditor, and including a due inspection and explanation of the books." The manifest intent of the statute is, not that the question of the propriety of the composition shall be left to be passed upon only by the court on such information as shall be obtained by the time the court is called upon to act, but that the creditors shall, in the first instance, pass upon its propriety, in view of the debtor's sworn written statement, and of an oral examination of him. The course of the examination must be regulated by the sound discretion of the presiding officer, in accordance with these views. If creditors who are prepared to vote on the resolution desire to do so without being detained while the examination of the debtor is proceeding, the matter can easily be arranged, by the announcement that the vote will not be taken before a specified time, and the creditors who do not desire to remain can depart and return at the designated time, or can give proper authority to others to vote for them. If when the books of the debtor are produced, it seems necessary that time should be given to have them examined by an expert, the presiding officer must regulate the matter of adjournment in his sound discretion. Where the books have been previously examined by a committee of creditors, that circumstance is entitled to consideration on the question of granting time for further examination of the books. Under the language of the general order, which requires the register to "hold and preside at" the meeting and to "report to the court the proceedings thereof, with his opinion thereon," he must be held to possess the power to regulate the form and order of proceeding at the meeting and to decide questions that arise, subject to review by the court. He must necessarily decide who are entitled to vote, and in respect to what amount of debts, and to pass upon the regularity and propriety, in form, of proofs of debt and of letters of attorney. Whether he has the right to reject a vote because the claim is disputed on its merits, is a question which must be passed upon by the court hereafter. The answers of the debtor to the inquiries made of him ought to be recorded in writing, in the form of an examination, and the debtor ought to be sworn to the truth of the document, and it ought to be signed by him, after being read over to him. The presiding officer is required by the general order to report to the court "the proceedings" of the meeting. This implies that the proceedings must be recorded in writing, as they take place, in order to be in a shape to be reported. The examination of the debtor ought to be conducted as the examination of a witness is conducted in court, and he should answer the inquiries made of him by an examining creditor, and do no more until the examining creditor has closed, after which he may, of his own volition, or in answer to inquiries by his own counsel, make such explanations as are relevant.

Some of the foregoing observations are not exactly apposite to the questions certified, but they have been made in view of suggestions and inquiries addressed to the

court by counsel on the oral hearing on the questions certified. And still further, in view of establishing the practice in proceedings for composition, it is proper for me to say, that the petition for a composition ought, in order to be in compliance with general order No. 36, to set forth not merely the fact that a composition has been proposed by the debtor or bankrupt, but, also, the nature and terms of the proposed composition, and the belief that such proposed composition will be accepted by two-thirds in number and one-half in value of all the creditors of the debtor or bankrupt, in satisfaction of the debts due from such debtor or bankrupt. The practice heretofore established in this district, of having a second meeting of creditors called by notice for the purpose of inquiring whether the resolution for composition has been passed and confirmed in the manner required by the statute, will continue to be observed, and such second meeting will be held and presided over by the register designated to hold the first meeting. The forms heretofore used for the three orders and the two reports will continue to be used, with the necessary change in the first order, to recite the contents of the petition, in the particular before mentioned.

[NOTE. A petition of review was filed in the circuit court. See Case No. 6,632a. Certain exceptions to the report of the commissioner were overruled in 2 Fed. 153, and, upon petition of review, the decision was affirmed in the circuit court. 7 Fed. 584.]