72  553
122  209

[No. 9646.   Department Two. — June 17, 1887.]

## JOHN B. WINTERS, Appellant, v. JOHN W. PEARSON, Respondent.

ATTACHMENT — AFFIDAVIT FOR — ALTERNATIVE STATEMENT IN. — An affidavit for an attachment is rendered fatally defective by an alternative statement therein to the effect that the payment of the contract on which the action is brought has not been secured by any mortgage upon real or personal property, *or*, if originally so secured, that such security has become valueless without any act of the plaintiff.

ID. — MOTION TO DISSOLVE ATTACHMENT — AFFIDAVIT CANNOT BE AMENDED ON. — On a motion to discharge a writ of attachment on the ground that it was improperly or irregularly issued, the affidavit on which the writ was issued cannot be amended.

ID. — RELEASE OF ATTACHED PROPERTY — WAIVER OF RIGHT TO APPLY FOR DISSOLUTION. — A defendant whose property has been attached does not waive the right to apply for a discharge of the writ because he had previously obtained a release of the property by giving the undertaking required by sections 554 and 555 of the Code of Civil Procedure.

APPEAL from an order of the Superior Court of the city and county of San Francisco dissolving an attachment.

The action was brought on a promissory note, and a writ of attachment was issued therein and levied on property of the defendant on the 6th of November, 1876. On the 27th of February, 1877, the defendant procured a release of the attached property by executing the bond required by sections 554 and 555 of the Code of Civil Procedure, and afterwards moved to have the attachment dissolved, on the ground that the affidavit on which it was issued was defective. The alleged defect in the affidavit consisted in the alternative statement that the "contract was·made and is payable in this state, and that the payment of the same has not been secured by any mortgage upon real or personal property, *or*, if originally so secured, that such security has, without any act of the plaintiff, become valueless." On the hearing of the motion, the plaintiff asked leave to file an

amended affidavit, which was denied by the court. The further facts are stated in the opinion of the court.

*William M. Pierson,* and *Neumann & Eickhoff,* for Appellant.

*Edward Lynch,* for Respondent.

THORNTON, J.—The attachment was improperly and irregularly issued within the ruling of this court in *Wilke* v. *Cohn,* 54 Cal. 212.

On a motion to discharge a writ of attachment, on the ground that it was improperly or irregularly issued, the affidavit on which the writ was issued is not amendable. This, in our opinion, is in accordance with section 558 of the Code of Civil Procedure, which provides that if, on such an application, it satisfactorily appears that the writ was improperly or irregularly issued, it must be discharged.

To allow the affidavit to be made good by amendment, and upon such action refuse to discharge the writ, would, in our judgment, violate the requirements of the section just above cited.

The defendant in the action did not waive his right to apply to discharge the writ under section 556 of the Code of Civil Procedure, because he had previously released the property from the operation of the writ under sections 554 and 555 of the Code of Civil Procedure. The right to make the application under section 556 is expressly given, though the defendant has previously proceeded under sections 554 and 555.

The orders of the court must be affirmed.

Ordered accordingly.

MCFARLAND, J., and SHARPSTEIN, J., concurred.