·COBBOSSEE NATIONAL BANK *vs.* ABRAHAM RICH.

Kennebec.    Opinion January 1, 1889.

*Insolvent Law. Composition. Discharge. Fraud. Irregularities. Amendment. Constitution. R. S., c. 70, §§ 5, 48, 49, 62.*

The fraud which, by virtue of R. S., c. 70, § 62, will render void the discharge granted to an insolvent in composition proceedings is wilful fraud or falsehood. Mere mistakes or defects in the proceedings, which are not fraudulent do not have such an effect.

A discharge granted in any class of insolvency proceedings will be valid if the judge has jurisdiction in the matter in which he acts; mere irregularities in the proceedings will not make his action void.

The difference between void proceedings and merely irregular proceedings is the difference between a wrongful act and a rightful act imperfectly or defectively done. The one is a wrongful act and the other a wrongful way of doing an act. In doubtful cases courts incline to treat defects as irregularities rather than as nullities.

The provision contained in R. S., c. 70, § 49, which declares that the certificate granted to an insolvent debtor shall be conclusive evidence in his favor of the fact and regularity of his discharge, applies to a debtor discharged in composition proceedings. And §§ 47 and 48 of same chapter also apply to this kind of a discharge.

Where the debtor's oath to the truth of his list of assets and of creditors was administered by the judge whilst holding the list in his hands, the omission to annex the certificate of oath to the list was at most an irregularity merely,

and does not render the debtor's discharge void. The defect may be cured by allowing the annexation to be made as an amendment. It is not a legal objection to a debtor's discharge that the schedule of assets lodged with the messenger was adopted as a schedule for use in the composition proceedings ; though to furnish new and separate schedules would be a more commendable practice.

A debtor's discharge in insolvency cannot be invalidated by proof that creditors holding the requisite amount of claims did not assent to the composition under which the discharge was obtained, the record showing that the agreement presented to the judge was on its face sufficient and the judge having adjudged it to be so. The judge decides whether the apparent correctness of the papers is real or not. Apparent correctness of the record confers jurisdiction on the judge to act, and jurisdiction once attaching continues till the procedure ends.

A discharge in the form that is granted in the ordinary insolvency proceedings is a good discharge in composition proceedings. It contains more than it needs to.

The statute allowing a discharge to a debtor in composition proceedings is not unconstitutional.

ON REPORT, from the superior court for Kennebec county. The court were to draw such inferences as a jury might from the legally admissible testimony, and render such judgment as the law and evidence require.

This was an action of assumpsit upon defendant's promissory notes due to plaintiff bank.

The defendant pleaded the general issue, and, as special matter of defense, his discharge in insolvency granted by the insolvent court, for Kennebec county, under composition proceedings, according to chapter 70, of R. S., upon his petition filed in said court August 17, 1886. The plaintiff joined in the general issue and filed a replication, to the special matter of defense, alleging among other things that the discharge was not valid because the agreement produced by the defendant, at the second meeting was signed by less than a majority in number of his creditors holding less than three-fourths of all his indebtedness; that no schedule of defendant's assets was signed and annexed to his affidavit; that certain material statements in his affidavit were false to the knowledge of the defendant debtor making the same: (1) that the defendant, on several specified days and within four months of the commencement of the insolvency proceedings, made certain payments of money to a creditor for the

purpose of preferring him; (2) that no schedule of the assets and liabilities of said defendant, by him signed, was annexed to his affidavit; that the amount of certain claims contained in defendant's schedule was false to his knowledge.

The defendant filed a rejoinder tendering an issue to the country which was joined.

*H. M. Heath*, for plaintiffs.

The only method of testing the validity of a composition discharge is by an action at law, as if no discharge had been granted. *Ex parte* Haines, 76 Maine, 394.

The judge has no authority to issue a discharge under composition proceedings unless the schedules, affidavit and composition agreement are first filed strictly as required by R. S., c. 70, § 62.

Besides fraud, the defects in the record are fatal. Such defects are open to us in this action. Pleading the discharge opens the entire record. A certificate issued under § 62, is not made by the statute conclusive of its regularity, &c., as one issued under § 49; otherwise, recitals in any discharge are only *prima facie* evidence of jurisdictional facts. *Stanton* v. *Ellis*, 12 N. Y. 575; affirmed in *Hale* v. *Sweet*, 40 Ib. 97, (1, Hand); and *Morrow* v. *Freeman*, 61 Ib. 515; *Kelman* v. *Sheen*, 11 Allen, 566; *Cox* v. *Austin*, 11 Cush. 32.

The insolvent court is one of special and limited jurisdiction; its records must show jurisdiction or the proceedings will be void. *Fairfield* v. *Gullifer*, 49 Maine, 360; *Moore* v. *Philbrick*, 32 Ib. 102; *Record* v. *Howard*, 58 Ib. 225.

A decree without jurisdiction may be avoided in collateral proceedings. Jurisdiction depended on the presence of schedule of assets and liabilities. *Baker* v. *Sydee*, 7 Taunton, 179; *Ex parte* Sidey, 24 L. T. N. S. 401, C. J. B. (cited in Jacob's Fisher's Digest 7,392); *Breedlove* v. *Nicolet*, 7 Pet. 413.

Counsel argued that the discharge pleaded is null and void, upon the following grounds: 1st, no list of assets and schedule of liabilities was annexed to the affidavit filed in the composition proceedings; 2d, no list of assets of any kind was filed in the composition proceedings; 3rd, no list of assets or schedule of liabilities signed by the debtor and sworn to by him before the judge

or register was filed in the insolvency case at any time; 4th, no schedule of liabilities was filed in the composition proceedings; 5th, it does not appear in the case, as required by the statute, that the creditors' composition agreement was signed by the requisite number and value; 6th, certain material statements in the composition affidavit and the paper purporting to be a schedule of unsecured claims were false to the knowledge of the debtor; 7th, sections 62 and 63, c. 70, R. S., are unconstitutional and void; 8th, the discharge is not that authorized by § 62; and void for want of jurisdiction, because too general in its terms, and in excess of the powers of the judge.

Counsel also argued that § 62 is unconstitutional because there is no right of trial by jury secured. It is a practical denial of a remedy by due course of law, and a denial of justice. It is an anomaly among the insolvency statutes. It places the power of discharging debtors in the hands of creditors absolutely without the supervisory action of the court. The discharge is in effect, the act of three-fourths of the creditors, and not the act of the court. It contains no provision for notice to creditors that composition papers are to be filed.

By the debtor's admissions his estate should have paid at least fifteen per cent. Under a law giving the court supervisory power over the proceedings, no composition of less than fourteen per cent. could be legally approved. Creditors have thus lost their claims by no decree of court, but by a vote of three-fourths of their cocreditors. *Risser* v. *Hoyt,* 53 Mich. 185.

Upon the questions of law counsel cited: *In re Haskell,* 11 Nat. Bank. Reg. 164; *In re Morris,* Ib. 443; *In re Whipple.* Ib. 524; *In re Reiman,* 11 Ib., 12 Blatchf. 562; (S. C. 11 Nat. Bank. Reg. 21); *In re Lisburger,* 2 Fed. Rep. 158; *Risser* v. *Hoyt, supra*; *Wright* v. *Huntress,* 75 Maine, 303; *Williams* v. *Coggeshall,* 8 Cush. 377; *In re Goodfellow,* 1 Lowell Decisions, 510; *In re Penn,* 4 Benedict, 99; (S. C. 3 Bank. Reg. 582); *In re Alphonse Bechet,* 12 Nat. Bank. Reg. 201; *In re Tooker,* 14 Ib. 35.

*B. B. Clay,* for defendant.
Cited *Thaxter* v. *Johnson,* 79 Maine, 348.
This action, under § 62 of chap. 70 is an additional and

cumulative remedy. It does not take away the right of creditors to contest the discharge under § 49. The plaintiff is confined in this action to the two grounds mentioned in § 62.

Plaintiff must prove: 1st, that some creditor's signature has been obtained by fraud; or 2d, that some material statement in defendant's affidavit, or schedule is false. His replication does not specify any facts under the first head; he must therefore rely on the second.

No technical errors or defects in the proceedings can avail in absence of fraud. *Young* v. *Ridenbaugh*, 11 Nat. Bank. Reg. 563; *In re Roberts*, 71 Maine, 390.

Having taken part in the proceedings and accepted the composition money, plaintiff is estopped. *In re Harmon*, 17 Nat. Bank. Reg. 440; *Kolman* v. *Wright*, 6 Cal. 230; *Williams* v. *Coggeshall*, 11 Cushing, 442; *Loud* v. *Pierce*, 25 Maine, 233; *Beebe* v. *Pyle*, 18 Nat. Bank. Reg. 162; (Abb. N. C. 412,) *Kempton* v. *Saunders*, 130 Mass. 236, 238; *Home Nat. Bank* v. *Carpenter*, 129 Mass. 1; *Farwell* v. *Raddin*, Ib. 7; *Denny* v. *Merrifield*, 128 Ib. 228.

The discharge cannot be impeached in a collateral action, on the ground that it was obtained by fraud. *Smith* v. *Ramsey*, 15 Nat. Bank. Reg. 447, or that the defendant had fraudulently concealed and withheld from his schedule of assets certain property, *Stevens* v. *Brown*, 11 Ib. 508.

A composition is a substitute for the ordinary proceedings and discharge. *In re Bechet*, 12 Nat. Bank. Reg. 201; *In re Knight*, W. N. 479.

The composition clause in the bankrupt law of 1867 has been repeatedly held to be constitutional. Assignment law of Michigan not similar to the insolvent law of Maine. *Risser* v. *Hoyt*, 53 Mich. 185. The decision of the majority of creditors as to the amount of the composition is conclusive when exercised in good faith, and there is nothing to indicate fraud, accident, or mistake. *In re Weber Furniture Co.*, 13 Nat. Bank. Reg. 559.

The statute allows any composition which is satisfactory to the requisite majority of creditors and which is for the best interests of all concerned. *In re Parcell*, 18 Nat. Bank. Reg. 447; *In re Wells*, 18 Ib. 525; *Kempton* v. *Saunders*, *supra.*

The total unsecured debts amounted to $169,396.38. Creditors whose debts aggregated $138,547.22 signed the composition paper.

We believe that not more than three creditors, besides the plaintiff, would have refused to sign had they been urged, and only those representing $13,000, besides the plaintiff, failed to sign and accept the percentage.

The preference alleged is not a legal or moral fraud. The creditor did not know of the debtor's "anticipated insolvency."

Something more than the debtor's insolvency must be shown. *In re Rowell*, 21 Vt. 620; *In re Brent*, 8 Nat. Bank. Reg. 444; *In re Frantzen*, 20 Fed. Rep. 785; *Atkinson* v. *Farmers Bank*, Crabbe, 529; *Kenney* v. *Brown*, 139 Mass. 345; *King* v. *Storer*, 75 Maine, 62; *In re Haskell*, 11 Nat. Bank. Reg. 164. Judge Lowell held in this case that preferences do not invalidate a discharge under composition proceedings; affirmed in *Home Nat. Bank* v. *Carpenter*, *supra*.

The neglect to annex the schedule to the affidavit is not material. It was no fault of the defendant, and its omission can harm no creditor. It is a mere clerical act and can be performed at any time. *Marsh* v. *McKenzie*, 99 Mass. 64.

If the name and debt of a creditor was placed on the list the composition will bar the debt, although there was an error in stating the amount. *Beebe* v. *Pyle*, *supra*.

PETERS, C. J. The defendant went into voluntary insolvency, obtaining his discharge under a composition with creditors. The plaintiffs were parties to the composition, accepting the dividend on their debt. They afterwards sued for, and claim to recover, the balance of their debt, by virtue of § 62 of the insolvency statute. That section provides that a creditor may maintain such an action as the present, when the signature of any creditor to the composition has been obtained by fraud, or when the debtor has knowingly made any false statement of a material character in the affidavit or schedules required of him by such section.

The plaintiffs claim a right to sustain this action for the fraud of the defendant. It must be for such frauds as are described in the section, and can be for no other. It is not constructive fraud

that is aimed at by the section, but wilful fraud or falsehood. We cannot, in any ordinary case, encumber an opinion with an extended discussion of matters strictly of fact. It is enough on this branch of the case to announce that while there may be some inaccuracies and discrepancies in the matters presented, we do not discover fraud.

The counsel for plaintiffs next contends that there are defects in the proceedings, on which the composition was grounded, which will allow the action to be maintained under § 62. We do not concur in the proposition. The statute neither expresses nor implies such a thing. Unless the defects prove fraud, they are not noticeable under that section. It plainly declares just what will sustain an action, and mistakes and defects are not in the enumeration.

But the learned counsel, going further in the proposition, contends that, if the suit be not maintainable under § 62, it may be maintained for the reason that the defects in the proceedings are so radical as to deprive the insolvency court of jurisdiction in the case and render its action void. There is no doubt that if the court had not jurisdiction of the case, its decree would be void. If it had not jurisdiction to grant a discharge, the discharge is void. But it would be otherwise, if the defective proceedings were merely irregular. Void proceedings would destroy jurisdiction in a court of inferior powers, but merely irregular proceedings would not.

The difference is not always readily perceivable. Generally speaking, it is the difference between substance and form, between void and voidable, or between void action and imperfect action. Error or nullity goes to the foundations, and discovers that the proceedings have nothing to stand upon, while irregularity denotes that the court was acting within its jurisdiction, but failed to consummate its work in all respects according to the required forms. The one applies to matters which are contrary to law, the other to matters which are contrary to the practice authorized by the law. One relates more to the act, and the other more to the manner of it. It may be stated as a general rule, that in doubtful cases the courts incline to treat defects in legal proceedings as irregularities

rather than as nullities. Macnamara on Nullities, p 3; Wait on Fraudulent Conveyances, § 442, and cases cited.

Section 49, ch. 70, R. S., was designed to prevent the judgments of insolvency courts being subverted for any irregularity in their proceedings. It provides that the certificate given to the insolvent, "shall be conclusive evidence," in his favor, "of the fact and regularity of such discharge." The plaintiffs' counsel contends that this provision applies only to a certificate obtained in regular insolvency proceedings, and not to one under a composition. We think it applies to all certificates, and can see no reason why it should not. Protection against the mistakes of the court or its officers, is as desirable in the one case as in the other. The section has both a general and special application. Its provisions apply generally as far as appropriate and consistent with other sections. The only provision in the chapter in relation to the manner of pleading a discharge is contained in this section, and certainly that simple and useful provision applies to all cases. And so, too, other sections, relating to the effect of a discharge, have relation to discharges generally; as § 48, which provides that a discharge shall not release a partner, joint contractor, indorser or surety, and § 47, which excludes from the operations of a discharge liabilities for embezzlement or defalcations.

There is much reason for assuming that the same rule would have been implied, had it not been expressed in the insolvency statute, in relation to the inconsequence of judicial or clerical mistakes which are not vital on the question of the jurisdiction of the court. The probate court is invested with more dignity and powers than it formerly possessed. Our general statutes denominate it a court of record, and § 5 of the insolvency chapter declares that proceedings in courts of insolvency shall be deemed matters of record. As courts of record they may amend and correct their records according to the truth, as other courts may. *Marsh* v. *McKenzie*, 99 Mass. 64.

We are next to consider whether there are the alleged defects, and, if so, what consequences shall attach to them, in view of the discussion which we have already indulged in. Section 62 of chapter 70, R. S., directs that, to effect a composition the debtor is to

produce at a meeting of the creditors an affidavit signed by him, to be sworn to before the judge or register, to contain among other things this statement, "My assets and liabilities are correctly stated in the schedule hereunto annexed and signed by me." The judge is to grant a discharge of all the debts and liabilities named in the schedule annexed to said affidavit,"—and the discharge is not to be valid if any material statement contained in the affidavit or schedule is false, &c. The section has before been more fully quoted.

A schedule of assets and a list of creditors, each signed by the insolvent, were produced at a meeting of creditors, an affidavit in due form was sworn to before the judge, and a discharge was decreed to the insolvent, but from the inadvertence of either judge, register or party, the schedules and affidavit were filed away without being fastened together. The judge testifies as a witness, that the debtor swore to the schedules or lists, that he (the judge) held them at the time in his hands, calling the debtor's attention to them as the oath was administered, and that he informed the debtor's attorney at the same time that the papers should be annexed to the affidavit. The form of the affidavit calls for annexation. The recorded degree of the judge recognizes annexation. The work would have been perfectly done had the schedules and affidavit been fastened together.

It is contended that the debtor knowingly swore to a falsehood when he asserted in his affidavit that the papers were annexed. It would seem strange that he should commit such a crime, without any possible motive to do so, and stranger still that he should have been allowed to do so in the presumed presence of many creditors, when the error was avoidable by so little trouble. That point certainly fails.

The next position taken is, that the want of annexation of the papers deprived the judge of jurisdiction to adjudge the composition good, that annexing the papers was a matter conditional to his right to act, and that his decree is absolutely void. We do not concede such fatal consequences to the alleged defect. The weight of the argument against the validity of the proceeding, consists in the assumption that, for want of attachment

between the papers, no responsibility for false statement rests upon the debtor, and that no identity of oath with papers exists.

We are impressed with a different view of the transaction.

In the first place, the papers can now be affixed together by order of the court, as an amendment of its proceedings. The act should have been done at the time under the intimation of the court. The judge virtually ordered it to be done. The words of the oath, "hereunto annexed," imply that it is an act to be done at the time of the administration of the oath. The omission may fairly be considered as much a mistake of the court as of the party, if it be a mistake.

Further, there can be no object in any requirement to annex the papers, except to establish what papers were sworn to. The statute does not declare expressly that the papers shall be annexed. It is not named as a condition upon which a discharge is grantable. Is not the identity sufficient to deprive the defendant of a defense in the present action, should it appear that there was a wilful and false statement in either of the schedules? The papers are on file together, presumably with filings noted thereon, are evidenced by descriptive headings and by the signature of the debtor, and are proved by the testimony of the judge to be the identical papers sworn to before him. In the late U. S. bankruptcy act, only filing, not annexing, was required.

It may, we think, well be considered, in view of the facts disclosed, that there was an annexing of the schedules to the affidavit. The word is not necessarily to be confined to a narrow and strict sense. Things may be annexed without remaining in actual contact with each other. In *Savage* v. *Birckhead*, 20 Pick. 167, it was held that a deposition, taken under a commission, but not annexed to it or to the interrogatories, was sufficiently connected by the envelope and official seal, and as much so as if attached by a ribbon. "In either case," says the court, "there may be fraud or mistake, but in the absence of any suggestion of it, the objection cannot prevail." A similar question arose in the case of *Shaw* v. *McGregory*, 105 Mass. 96, 100, when a deponent swore to the genuineness of some hotel registers. The books and the deposition were together inclosed and sealed up, and directed to the clerk of

the court, and the contents were taken by him from the inclosure, and kept by him until used in evidence. The court decided that they were properly admitted in evidence, remarking, "If not the best, it was one mode of annexation, within the meaning of the statute which requires the magistrate's certificate to be annexed to the deposition, and is not open to objection when the facts show that the security aimed at has been practically attained."

In *Smith* v. *Engel*, decided by the supreme court of Iowa, reported in 14 Nat. Bank. Reg. 481, which was an action to recover a debt that was covered by a composition resolution, the objection was made that the bankrupts and certain of their creditors signed a separate paper, not attached to the resolution itself, as was required. The objection was disposed of in these words: "The objection is purely technical. Clearly the spirit of the provision is complied with when the bankrupt and a requisite number of creditors sign a paper agreeing to the terms of the composition. The signing of this paper, instead of the resolution, is at most a mere irregularity, and does not affect the jurisdiction of the court."

It is objected, that the schedule of assets, which was returned to the messenger, was amended by leave of court, and used as a schedule in the composition proceeding, instead of the debtor furnishing a new schedule. We see no objection to it. It was as correct as a new one or a copy would be. Such a practice has been held to be permissible. *In re Haskell*, 11 Nat. Bank. Reg. 164; *Home Nat. Bank* v. *Carpenter*, 129 Mass. 1, 5.

It is contended in behalf of the plaintiffs, that the creditors' agreement, when the claims are properly sifted and corrected, will turn out in reality not to contain the signatures of a majority in number of the creditors holding three-fourths of all the indebtedness, and that therefore the agreement did not confer jurisdiction on the court, and that jurisdiction is not acquired by the court deciding wrongfully that it has jurisdiction. And on this point, as well as on other points discussed, much reliance seems to be placed on the case of *Stanton* v. *Ellis*, 12 N. Y. 575. There appears to us to be a clear distinction between that case and this. In that case the list presented to a magistrate, under the then two-thirds act in that state, did not show on its face that

two-thirds in amount of the indebtedness was represented by the signers, because the amount due one creditor was carried out blank, and the true amount might make it more or less than enough to establish jurisdiction in the magistrate. He was authorized to act only on a list showing two-thirds or more of the petitioner's indebtedness. The court say that, if the blank space had been filled with some sum, even though not correctly stated, so as apparently to give jurisdiction, the objection would have been obviated, and the magistrate could then have gone on and ascertained the truth or falsity of the representation, and adjudged the proceeding accordingly.

In the case before us the lists show completeness and correctness on their face, and therefore confer jurisdiction. Jurisdiction having attached, it continues through all the steps of the procedure. There is no authority but in the insolvent court to adjudge the questions incident to the investigation. It is the court that is to "be satisfied that such agreement is signed by such proportion of the creditors," and that certain other things have been properly done. The judge decides whether the apparent correctness is a real correctness or not, or, in other words, whether the allegations are proved. The composition takes effect, not from the mere contract of the parties, but from the judgment and decree of the court. *Mudge* v. *Wilmot*, 124 Mass. 493.

Objection is made to the terms of the certificate of discharge, that it contains too much. It is sufficient for this case that it contains enough.

The question of the constitutionality of the composition clause is elaborately discussed by plaintiffs' counsel. With due respect for the argument, we think it too late in the day to expect the argument to prevail. There is too much authority against it.

It is said that it is unjust that compositions can be carried by majorities who are the insolvent's relatives and family friends. The remedy for that must be with the legislature. The best of laws do not always operate equitably.

*Judgment for the defendant.*

WALTON, VIRGIN, LIBBEY, EMERY and FOSTER, JJ., concurred.