[Civ. No. 780. Second Appellate District.—May 23, 1910.]

FAIRBANKS, MORSE & COMPANY, a Corporation, Respondent, v. C. E. GETCHELL, Appellant.

ATTACHMENT—AFFIDAVIT NOT SIGNED.—To justify the issuance of a writ of attachment, there must be received by the clerk an affidavit by or on behalf of the plaintiff; but it is not necessary that the affidavit be signed by the party making it.

ID.—IRREGULAR AFFIDAVIT—PERJURY—AUTHORITY OF NOTARY ESSENTIAL.—It is no defense to a prosecution for perjury, upon an affidavit for attachment, that the oath was taken or administered in an irregular manner; nevertheless, the document which purports to be sworn to is not an affidavit, unless the notary had authority at the time to administer the oath.

ID.—NOTARY'S AUTHORITY CONFINED TO COUNTY OF APPOINTMENT.—In the absence of statutory regulation providing otherwise, the rule is that a notary cannot act as such official outside of the county for which he is appointed. There is no provision in the codes of this

state which can be construed as authorizing a notary to administer an oath outside of his county; but their provisions are inconsistent with such authority.

ID.—NO AUTHORITY TO TAKE OATH OVER TELEPHONE OUTSIDE OF COUNTY.—Assuming, without deciding, that an oath may be administered and the obligations thereof assumed by communication had over the telephone, the validity of such act must be held to apply. only where both notary and affiant are within the territorial limits for which the notary has been appointed and commissioned. No authority exists in a notary commissioned for one county to take the oath of a person in another county by telephone, however familiar his voice may be to the notary.

ID.—VOID AFFIDAVIT FOR ATTACHMENT TAKEN OUT OF COUNTY.—Where an affidavit for attachment to be used in Kern county was administered by a notary of that county to an affiant in Los Angeles county, the act of administering the oath to him was a nullity, and the purported affidavit upon which the attachment was issued was void and of no effect.

ID.—AMENDABILITY OF AFFIDAVIT—CHANGE IN CODE—IRREGULARITY— VOID AFFIDAVIT NOT AMENDABLE.—Prior to the amendment of 1909 to section 558 of the Code of Civil Procedure, no affidavit for attachment could be amended. But the changed law contemplates the existence of an irregular affidavit susceptible of amendment; and when the act of the notary in administering the oath was a nullity, and the purported affidavit is void, there is nothing to amend. There can be no irregularity in that which had no existence. In such case, the code amendment is inapplicable.

ID.—CONSTRUCTION OF CHANGED LAW—DISTINCTION BETWEEN MANNER OF PERFORMANCE AND PREREQUISITE ACT.—It is only where the manner of performing the act of taking the affidavit is irregular that amendability exists, under the changed law, to supply that which by reason of inadvertence or oversight was omitted from it. But the provision of the changed law cannot be construed as authorizing the filing of an affidavit in support of a writ of attachment before issued, in the absence of that which constitutes the substance of the act required as prerequisite to its issuance.

APPEAL from an order of the Superior Court of Kern County denying a motion to discharge an attachment. Paul W. Bennett, Judge.

The facts are stated in the opinion of the court.

George Flournoy, for Appellant.

W. W. Kaye, for Respondent.

SHAW, J.—This is an appeal from an order denying defendant's motion to discharge an attachment.

On May 6, 1910, an opinion was filed herein whereby the ruling of the trial court in denying defendant's motion to discharge an attachment was reversed. In that opinion the court overlooked section 558, Code of Civil Procedure, as it was amended in 1909 (Stats. 1909, p. 253), and in the absence of anything to the contrary being said by respondent, whose attorney it appears did not deem the case of sufficient importance to warrant him in filing points and authorities, or otherwise to offer any suggestions touching the points involved, it accepted appellant's contention based upon *Winters* v. *Pearson*, 72 Cal. 553, [14 Pac. 304], and *Tibbet* v. *Tom Sue et al.*, 122 Cal. 208, [54 Pac. 741], to the effect that an affidavit for attachment is not subject to amendment in this state. Our attention having been directed to the inadvertence, an order was made on May 19th whereby the judgment heretofore rendered was set aside and vacated and a rehearing ordered for the purpose of correcting the erroneous statement contained in the former opinion.

Defendant's motion for the discharge of the attachment was made upon the ground that the writ of attachment was improperly and irregularly issued. (Code Civ. Proc., sec. 556.) The irregularity is said to have consisted of the alleged fact that the writ of attachment was issued without the affidavit required by the provisions of section 538, Code of Civil Procedure.

As appears from the record, there was filed with the clerk on July 21, 1909, the date of the issuance of the writ of attachment, what purported to be an affidavit of plaintiff's agent. This document contained the title of the court and cause with the venue laid in the county of Kern, state of California, together with a statement of facts entitling plaintiff to the issuance of the writ. It was not subscribed by affiant, but had attached thereto the jurat of the notary as follows: "Sworn to before me this 21st day of July, 1909, W. W. Kaye, Notary Public." As shown by the affidavit and jurat, affiant appeared before the notary in Kern county and made oath to the affidavit. Kaye, however, when upon the witness-stand testified as follows: "I am the attorney for the plaintiff herein and am a notary public in and for the county of

Kern. That is my signature which appears to the jurat on the affidavit for attachment filed in this court on July 21, 1909. Mr. Chas. A. Meyer, whose name appears in the body of said affidavit, was not in Bakersfield on that date. He lives in Los Angeles and was in Los Angeles on that date. I called Mr. Meyer up in Los Angeles on that date over the telephone and he made oath to the matters contained in the affidavit. He related the facts contained in the affidavit and under oath stated to me that they were true. I am well acquainted with Mr. Meyer and recognized his voice over the telephone.''

Appellant contends that the affidavit was made in Los Angeles county, and that W. W. Kaye, the notary, having been appointed in and for the county of Kern, state of California, had no authority to act officially as such notary in the county of Los Angeles.

To justify the issuance of the writ there must be received by the clerk an affidavit by or on behalf of the plaintiff. It is not necessary that the affidavit be signed by the party making it. (*Ede* v. *Johnson,* 15 Cal. 53; *Pope* v. *Kirchner,* 77 Cal. 152, [19 Pac. 264].) Neither is it any defense to a prosecution for perjury thereon that the oath was taken or administered in an irregular manner (Pen. Code, sec. 121); nevertheless, the document which purports to be sworn to is not an affidavit unless the person before whom his assent to the solemn obligation is assumed had authority at the time to administer the oath. (*People* v. *Cohen,* 118 Cal. 74, [50 Pac. 20].) In the absence of statutory regulation providing therefor, the general rule is that a notary cannot act as such official outside of the county for which he is appointed. (*In re House Bill No. 166,* 9 Colo. 628, [21 Pac. 473]; 29 Cyc. 1090; *Byrd* v. *Cochran,* 39 Neb. 109, [58 N. W. 127].) We are unable to find any provision in the codes of this state which could be construed as authorizing a notary of one county to administer an oath in a county other than that for which he is appointed. Section 791 of the Political Code provides that the governor may appoint such number of notaries public for the several counties as he shall deem necessary for the public convenience, but limits the number which he may appoint in cities and counties of the first class to not exceeding eighty. If notaries of other counties could

maintain offices and act officially in the city and county of San Francisco, the provision thus limiting such number would be nullified. To qualify one for such appointment he must have resided in the county for which his appointment is made for six months (sec. 792).

Furthermore, he is required to keep an official seal upon which, among other things, must be engraved the name of the county for which he is commissioned. (Pol. Code, subd. 7, sec. 794.) All these provisions are inconsistent with the view that the legislature intended the jurisdiction of a notary to be coextensive with the state.

As appears from the record, the oath was administered by communication had between the notary and affiant over the telephone, and appellant contends that the act was void and of no effect for this reason. Such contention finds direct support in the case of *Sullivan* v. *First Nat. Bank*, 37 Tex. Civ. App. 228, [83 S. W. 421]. According to our view, however, it is unnecessary to determine this point. Assuming, but not deciding, that an oath may be administered and the obligations thereof assumed by communication had over the telephone, the validity of such act must be held to apply to those cases only where both notary and affiant are within the territorial limits for which the notary has been appointed and commissioned.

At the time he made the affidavit and assented to the obligations of the oath, Meyer, the affiant, was in the county of Los Angeles. His act signifying his assent to the obligation must be deemed to have been had and done in Los Angeles county, where he then was. If untrue, it could not be claimed that he committed an act in swearing to a false affidavit in the county of Kern upon which a prosecution for perjury could be predicated, for the reason that it clearly appears he was not in Kern county when the act was committed. The oath was administered by a notary commissioned for Kern county to an affiant conceded to have been at the time in Los Angeles county, and the notary being vested with no authority to administer an oath in Los Angeles county, it necessarily follows that the act was a nullity, and the purported affidavit upon which the attachment was issued was void and of no effect.

At the hearing of the motion there was presented and filed what is termed an amended affidavit, which is in proper form and sufficient in substance to justify the issuance of the writ of attachment.

Section 558, Code of Civil Procedure, as amended in 1909 (Stats. 1909, p. 253), provides that, notwithstanding the fact that the writ of attachment is improperly or irregularly issued, nevertheless, it shall not be discharged "if at or before the hearing of such application the . . . affidavit . . . upon which such attachment was based shall be amended and made to conform to the provisions of this chapter." Prior to the enactment of this amendment the affidavit for attachment could not be made the subject of an amendment under the laws of this state. (*Winters* v. *Pearson,* 72 Cal. 553, [14 Pac. 304]; *Tibbet* v. *Tom Sue et al.,* 122 Cal. 208, [54 Pac. 741].) Inasmuch, however, as the act of Kaye in administering the oath was a nullity and the purported affidavit void, it follows there was nothing to amend. The authorized amendment of the affiant contemplates the existence of an affidavit. There could be no irregularity in that which had no existence. In the case of *Cobbossee Nat. Bank* v. *Rich,* 81 Me. 164, [16 Atl. 506], the court, in discussing the distinction between that which is void and that which is irregular, says: "Generally speaking, it is the difference between substance and form, between void and voidable, or between void action and imperfect action. Error or nullity goes to the foundations and discovers that the proceedings have nothing to stand upon; while irregularity denotes that the court was acting within its jurisdiction, but failed to consummate its work in all respects according to the required forms. The one applies to matters which are contrary to law, the other to matters which are contrary to the practice authorized by the law. One relates more to the act, and the other more to the manner of it." In this case it is not the manner of performing the act, but the total absence of the act the performance of which was a necessary prerequisite to the issuance of the writ. Under this proviso the attaching party may by amendment supply that which, by reason of inadvertence or oversight, was omitted from the affidavit, but the provision cannot be construed as authorizing the filing of an affidavit in support of a writ theretofore issued in the absence of that which consti-

tutes the substance of the act required as a prerequisite to the issuance thereof.

We think the court erred in its ruling, and the order denying defendant's motion to discharge the attachment is, therefore, reversed, with direction to the lower court that it make its order granting the same.

Allen, P. J., and Taggart, J., concurred.