[L. A. No. 426.  Department One.—October 1, 1898.]

GEORGE A. TIBBET, Respondent, v. TOM SUE et al., Appellants.

ATTACHMENT—AFFIDAVIT—STATEMENT OF INDEBTEDNESS.—An affidavit for attachment, which alleges a specific indebtedness of defendants to the plaintiff in a principal sum, is not vitiated by referring to "interest and attorney's fees," without further specification; but is sufficient to sustain the attachment at least to the extent of the principal sum.

ID.—DEMAND STATED IN COMPLAINT—ATTACHMENT FOR LESS AMOUNT. The writ of attachment should not be issued for an amount in

excess of the demand set forth in the complaint; but it may be
for an amount less than the demand set forth in that pleading.

ID.—UNDERTAKING—DEFECTIVE AFFIDAVIT OF SURETIES.—An under-
taking on attachment is insufficient to sustain the writ, if the
affidavit of the sureties omits to state the material fact that
they are householders or freeholders.

ID.—DISCHARGE OF WRIT.—A writ issued upon an undertaking not
accompanied by an affidavit of the sureties, as required by sec-
tion 1057 of the Code of Civil Procedure, is irregularly and im-
properly issued, and must be discharged upon application.

ID.—CONSTRUCTION OF CODE—PROCEEDINGS FOR ATTACHMENT NOT
AMENDABLE.—Section 558 of the Code of Civil Procedure, requir-
ing that an attachment must be discharged, if improperly or
irregularly issued, must be held to control and limit the general
provisions of section 473 of that code, relative to the amend-
ment of pleadings or proceedings in furtherance of justice.
Neither an affidavit nor an undertaking on attachment is
amendable, if not sufficient to sustain the writ.

APPEAL from an order of the Superior Court of Los Angeles
County refusing to discharge a writ of attachment. Lucien
Shaw, Judge.

The facts are stated in the opinion of the court.

William J. Hunsaker, for Appellant.

J. E. Patten, R. A. Ling, and McKinley & Grant, for Respond-
ent.

GAROUTTE, J.—This appeal is taken from an order refus-
ing to discharge a writ of attachment. The motion to discharge
the writ was based upon three grounds: 1. The amount of plain-
tiff's demand is not stated in the affidavit for attachment; 2.
The writ of attachment does not state the amount of plaintiff's
demand in conformity with the complaint; 3. The undertaking
on attachment does not show that the sureties are freeholders
or householders.

1. The affidavit for the writ of attachment states that the "de-
fendants in said action are indebted to the plaintiff in the sum of
five hundred dollars and interest and attorney's fees, money of
the United States." The affidavit directly alleges the specific
indebtedness of five hundred dollars, and to that extent at least
will sustain the writ of attachment.

2. It is claimed that the amount stated in the writ of attach-

ment must be the same as the amount of the demand set out in the complaint. The writ of attachment should not be issued for an amount in excess of the demand set forth in the complaint. But it may be for an amount less than the demand set forth in that pleading. (*De Leonis v. Etchepare*, 120 Cal. 407.)

3. The undertaking on attachment does not show the sureties thereon to be either householders or freeholders. Section 539 of the Code of Civil Procedure provides: "Before issuing the writ the clerk must require a written undertaking on the part of the plaintiff in a sum not less than two hundred dollars, and not exceeding the amount claimed by the plaintiff, with sufficient sureties to the effect," et cetera. Section 1057 of the same code declares: "In any case where an undertaking or bond is authorized or required by any law of this state, the officer taking the same must, except in the case of such a corporation as is mentioned in the next preceding section, require the sureties to accompany it with an affidavit that they are each residents and householders or freeholders within the state, and are each worth the sum specified in the undertaking or bond over and above all their just debts and liabilities, exclusive of property exempt from execution." Reading these two sections together, it is plain that the clerk has no authority to issue a writ of attachment unless the request is accompanied by an undertaking, with an affidavit attached setting forth the facts demanded by section 1057. Such affidavit must accompany the undertaking, for the law demands it. That the sureties upon the undertaking are either householders or freeholders is a material part of the affidavit. It is probably the most material fact demanded by the affidavit. If the affidavit may omit this statement, then the entire affidavit goes for naught, and an undertaking without any affidavit of the sureties whatever would support the writ, even as against a motion by the defendant to discharge it. A writ issued upon an undertaking unaccompanied by an affidavit of the sureties, as required by said section 1057, is irregularly and improperly issued, and should be discharged upon application.

Respondent asks the privilege of amending the undertaking, if it be held defective by this court. For such relief he invokes section 473 of the Code of Civil Procedure, wherein amendments are allowed to pleadings or proceedings in furtherance of justice.

In speaking as to an application to discharge a writ of attachment, the code says: "If upon such application it satisfactorily appears that the writ of attachment was improperly or irregularly issued, it must be discharged." (Code Civ. Proc., sec. 558.) This section is specific and expressly directed to the subject of attachments. It must be held to control and limit the general provisions of the aforesaid section 473. The law-making body has declared what shall be the action of the court under the circumstances here presented, and such action demands that the writ should be discharged. It is said in *Winters v. Pearson*, 72 Cal. 553, that the affidavit on attachment is not amendable. The undertaking upon attachment stands upon the same ground.

For the foregoing reasons the order is reversed.

Harrison, J., and Van Fleet, J., concurred.