## KENT v. BAY STATE GAS CO.

### (Circuit Court, D. Delaware. May 11, 1899.)

1. PLEADING—DECLARATION IN ASSUMPSIT—SPECIALTY.

  A declaration in assumpsit against a corporation, containing a special count on a written instrument executed by defendant, is not subject to demurrer because the copy of the instrument set out discloses that the attesting clause is, "Witness our hands and seals," and the word "Seal" follows the signature; there being no allegation that it is a sealed instrument. Whether it is in fact a specialty under the seal of the corporation is a matter of evidence.

2. PRACTICE IN FEDERAL COURTS—FOLLOWING STATE PRACTICE.

  Rev. St. § 914, which provides that the courts of the United States shall conform their practice, pleadings, and forms, and modes of proceeding, as near as may be, to state practice in civil cases at common law. does not bind the federal courts to rigidly follow all subordinate requirements of a state practice, nor abridge their right and duty, under section 954, to permit amendments, or to disregard niceties of form which, in their judgment, would unwisely incumber the administration of the law; and, although a state practice requires a court to decide on demurrer all questions which may be so raised, a federal court is not required to adopt such practice where no substantial right of the demurrant will be denied by a postponement of their determination until the trial.

On Demurrer to Declaration.

Leonard E. Wales, Jr., and Read & Petit, for plaintiff.
Herbert H. Ward, for defendant.

DALLAS, Circuit Judge. The declaration in this case comprises six special counts and the common counts. The special counts have been demurred to. The several causes of demurrer assigned need

not be considered in detail. It will suffice to deal with the points presented in the defendant's brief.

It is objected that the first three counts are bad in law, because, as is averred, "the form of action is wrong. The action is assumpsit, yet the counts show on their face that the foundation of the action is a sealed instrument." In my opinion, this objection is not well taken. The declaration does not, in terms, allege the instrument to be under the corporate seal of the defendant; nor is it to be inferred, as a conclusion of law, that it is so sealed, merely because the copy of the writing which is embodied in each of the counts discloses that the attesting clause is, "Witness our hands and seals this day," and that the word "Seal" occurs in connection with the signature, thus:

"Bay State Gas Company (Delaware) [Seal],
"By J. Edward Addicks, President."

In the case of Navigation Co. v. Hooper, 160 U. S. 514, 16 Sup. Ct. 379, the question which is here raised was conversely presented. The action was in covenant, and the final clause of the contract sued on was as follows:

"In witness whereof, the parties hereto have hereunto set their hands and seals this, the day above written.
"Jacksonville, Mayport, Pablo Railway and Navigation Company [Seal],
"By Alexander Wallace, President."

The defendant demurred upon the ground, inter alia, that the declaration was in covenant, "and yet the same contains, on the face thereof, and the face of the paper made part thereof, that the said cause of action will not lie, because the said paper is not under seal; that there is no seal of the defendant company to said paper." The supreme court assumed the theory of this demurrer to be that there should have been an averment on the face of the instrument that the seal attached on behalf of the company was its common or corporate seal, and held that the averment that the parties had set their hands and seals to the paper, in connection with the fact that the attesting clause alleged that the corporation had signed, sealed, and delivered in the presence of two witnesses, who signed their names thereto, was, on demurrer, plainly sufficient; that, "in the absence of evidence to the contrary, the scroll or rectangle containing the word 'Seal' will be deemed to be the proper and common seal of the company"; that "a seal is not essentially of any particular form or figure"; and that the presumption from a copy purporting any form of seal would be that the original was duly sealed, and from the original, if exhibiting a scroll merely, "that the scroll was adopted and used by the company as its seal, for the purpose of executing the contract in question." What was decided is that the declaration in that case, which counted in covenant, was good on demurrer; but it does not follow that a declaration in assumpsit, although based upon a contract similarly attested and executed, should, on demurrer, be held to be bad. The point is one, not of pleading, but of evidence. "In the absence of evidence to the contrary," it must, it is true, be presumed that the word "Seal," as it is here written, was adopted and used by the Bay State Gas Company as its

seal; but it cannot now be assumed that proof in rebuttal of that presumption will not be made. The burden will be upon the plaintiff. If he shall sustain it successfully, it will appear that the form of action which he has adopted was well chosen. If he shall not, he must then abide the consequence. But until the trial. the question does not arise, and cannot be determined.

It is further objected that the first three counts are fatally defective, because, as is averred, they allege "no consideration of any legal effect," and "do not sufficiently connect the plaintiff with the contract," and that the fourth, fifth, and sixth counts are bad "for want of legal consideration, uncertainty, ambiguity, and insensibility." These propositions have been ably argued, and in much detail, but I do not deem it necessary to discuss them with particularity. The several counts which are said to be bad for "insensibility" are certain to a common intent,—their substantial meaning is manifest; and I do not think that on demurrer any of them should be held defective, as being founded upon a contract lacking consideration, or with which the plaintiff is not sufficiently connected. Such matters may well be reserved for future consideration, and the defendant will not by the present action of the court be precluded from hereafter maintaining its position respecting them as it may be advised. The extent of the conclusion now reached is that the counts do not present defects so clearly substantial and fatal as to demand a present ruling that, taking all the facts to be admitted, they disclose no cause of action.

The learned counsel of the defendant has called attention to section 914 of the Revised Statutes, which provides that in the courts of the United States the practice, pleading, and forms and modes of proceeding in civil cases at common law shall conform as near as may be to those of the courts of the state within which the federal court is held, and he has assumed that, inasmuch as the courts of the state of Delaware still adhere to the common-law system of pleading, the old practice under that system should be rigidly applied in disposing of this demurrer. But this assumption cannot be unqualifiedly accepted. The legislatures and the courts of many of the states have exhibited a determination to relieve the administration of justice from the subtleties of ancient pleading, and by the first judiciary act of the United States (Rev. St. § 954) it was provided that any court of the United States " * * * may at any time permit either of the parties to amend any defect in the process or pleadings, upon such conditions as it shall, in its discretion and by its rules prescribe"; and "the power and duty of the courts to allow amendments most liberally has been long established, and no practice is more generous in that regard than that of our federal courts." Davis v. Railroad Co., 32 Fed. 863. It is their duty to disregard niceties of form, which often stand in the way of justice, and to give judgment according as the right of the cause and matter in law shall appear to them; and, to this end, even a verdict may be amended. Parks v. Turner, 12 How. 46. "The result is that the federal courts will conform the practice, pleadings, and forms, and modes of proceeding, in civil causes in the circuit courts, as near as may be to

the statutes of the states in which they are held, and to the practice of the courts in those states; but it is their right and duty to reject any subordinate provision of the state statutes, and any rule of practice of the state courts, which, in their judgment, will 'unwisely incumber the administration of the law, or tend to defeat the ends of justice in their tribunals.'" O'Connell v. Reed, 5 C. C. A. 594, 56 Fed. 538. If the practice of the Delaware courts be to decide on demurrer all questions which may be so raised, although no substantial right of the demurrant would be denied by postponing their determination until the trial, I can only say that it is a practice which this court, in my opinion, is not required to follow, and which, for the avoidance of needless incumbrance in the administration of the law, it should decline to adopt. The demurrer is overruled.