[Civ. No. 817.  First Appellate District.—August 1, 1911.]

E. R. MAZE, Appellant, v. ARTHUR B. LANGFORD, as
Sheriff of the County of ·Santa Clara, State of Cali-
fornia, and THE AMERICAN BONDING COMPANY,
a Corporation, Respondents.

APPEAL FROM JUDGMENT NOT STAYED—VOID STAY BOND—JUSTIFICATION
FOR PAYMENT OF MONEY BY SHERIFF—PENALTY NOT ENFORCEABLE.
It is held that the facts shown upon this appeal are the same as
case No. 826, *supra*, [*ante*, p. 743, 117 Pac. 929], in which it was held
that the sheriff was justified in paying over money to a judgment
creditor pending an unstayed appeal, and that the sheriff having been
justified in paying over the principal debt, the sheriff cannot be com-
pelled on appeal of the plaintiff to pay a penalty incident
thereto, and that the judgment in this action against the sheriff
and his surety must be reversed.

APPEAL from a judgment of the Superior Court of
Santa Clara County.  P. F. Gosbey, Judge.

The facts are stated fully in case No. 826, [*ante*, p. 743,
117 Pac. 929], except the facts peculiar to this appeal, which
are stated in the opinion of the court.

Wm. A. Coulter, for Appellant.

Will M. Beggs, and R. C. McComish, for Respondents.

KERRIGAN, J.—This is an appeal by the plaintiff from
a judgment in his favor, and is taken on the judgment-roll
alone.

The facts of the case are stated in an opinion this day
filed in the case numbered 826 and entitled, *"E. R. Maze,*
Plaintiff and Respondent, v. *Arthur B. Langford,* as Sheriff
of the County of Santa Clara, State of California, and *The
American Bonding Company,* a Corporation, Defendants and
Appellants," [*ante,* p. 743, 117 Pac. 929], which is an appeal
from the same judgment, but taken by the defendants.

As will be seen by reference to said opinion, the trial court
found that the defendant Langford was not warranted in ·
paying to E. V. Burke the sum of $500—the subject matter

of the action, and accordingly gave judgment for that sum in favor of plaintiff and against defendants, but refused to give plaintiff judgment for the twenty-five per cent damages and ten per cent per month interest provided for in section 4162 of the Political Code, to which he claimed to be also entitled. Both parties have appealed.

We have this day decided in said case numbered 826 that the stay bond on appeal was void, and that defendant Langford was justified in paying to Burke the said sum of $500, and have accordingly reversed said judgment.

It follows that the plaintiff, not being entitled to the principal, has no valid claim to the incident thereto, i. e., the penalty.

The judgment is reversed.

Hall, J., and Lennon, P. J., concurred.