[Civ. No. 826.   First Appellate District.—August 1, 1911.]

E. R. MAZE, Respondent, v. ARTHUR B. LANGFORD, as Sheriff of the County of Santa Clara, State of California, and THE AMERICAN BONDING COMPANY, a Corporation, Appellants.

PROTECTION OF SHERIFF—COLLECTION OF MONEY FROM JUDGMENT DEBTOR —TEMPORARY STAY BY COURT—APPEAL FROM JUDGMENT—VOID STAY BOND — PAYMENT TO CREDITOR.—Where the sheriff on execution against a judgment debtor collected money sufficient to pay the judgment, and after a temporary stay of proceedings by the court had been withdrawn, upon the taking of an appeal from the judgment, upon which the stay bond was insufficient, the court recalled its order staying further proceedings, the sheriff was then, if not before, at liberty to pay the money to the judgment creditor, if the stay bond on appeal was defective and void.

ID.—ESSENTIAL FAILURE IN AFFIDAVIT TO STAY BOND—QUALIFICATION OF SURETIES NOT SHOWN.—Where the affidavit to the stay bond fails to state that the sureties were freeholders or householders as required by section 1051 of the Code of Civil Procedure, it omits an element essential to the validity of the stay bond. The qualification of the sureties, as distinguished from their justification, is a material part of the bond.

ID.—SHERIFF NOT WARRANTED IN RETAINING MONEY COLLECTED PEND-ING UNSTAYED APPEAL.—The sheriff was not warranted in retaining money collected under execution pending an appeal from the judgment on which the execution is not stayed, and is protected in paying it over to the judgment creditor, for whom it was collected.

ID.—EFFECT OF REVERSAL OF UNSTAYED JUDGMENT—UNTENABLE ACTION BY DEBTOR AGAINST SHERIFF AND SURETY—IMPROPER JUDGMENT RE-VERSED.—The subsequent reversal of the unstayed judgment cannot authorize the successful judgment debtor to maintain an action against the sheriff and his surety to recover the sum paid over to the creditor pending the unstayed appeal, and when the superior court rendered judgment against the sheriff and his surety in such action, it must be reversed.

APPEAL from a judgment of the Superior Court of Santa Clara County, and from an order denying a new trial. P. F. Gosbey, Judge.

The facts are stated in the opinion of the court.

Will M. Beggs, and R. C. McComish, for Appellants.

Wm. A. Coulter, for Respondent.

KERRIGAN, J.—This is an appeal from a judgment and from an order denying defendants' motion for a new trial, in an action for damages against the sheriff of Santa Clara county and his surety, for turning over to one E. V. Burke $500 belonging to the plaintiff.

The salient facts of the case are as follows: E. V. Burke, on May 8, 1908, obtained a judgment against E. R. Maze, the plaintiff herein, for the sum of $500 and costs. On the same day Burke procured to be issued thereon a writ of execution, directed to the defendant Langford as sheriff, commanding him to satisfy the said judgment out of the property of E. R. Maze, defendant in that case, the plaintiff here. The next day a deputy sheriff proceeded to Mountain View, where E. R. Maze with a partner was engaged in the hardware business, and demanded the amount of the judgment, threatening that if it was not at once paid he would levy on the stock of hardware in the store belonging to E. R. Maze and his partner, and put a receiver in charge. Before the deputy sheriff had taken any definite action in the matter and later in the day he was told by E. R. Maze that the court in which said action was pending had made an order staying the execution. Such was the fact, but the sheriff's office had not been notified of such order, and the deputy sheriff therefore insisted on proceeding with the execution, whereupon E. R. Maze, in order to prevent said hardware business from being placed in the hands of a receiver, turned over to the deputy sheriff on the execution the amount demanded, with the understanding and under such circumstances that it was not and cannot be regarded as a payment of or satisfaction of said judgment. On Monday, May 11th, E. R. Maze, by his attorney, delivered to Lang-

ford, the sheriff, a copy of the order staying execution. Thereafter on the fourteenth day of May, E. R. Maze took an appeal from said judgment, and filed his undertaking on appeal and to stay execution, the affidavit to said undertaking containing no allegation that the sureties therein named were freeholders or householders. Thereafter both parties demanded of the sheriff in writing that he deliver to each of them the money in question, and E. R. Maze attached to his demand a copy of said undertaking. Subsequently, on May 15th, the court, having set aside its purported order suspending the execution of said judgment, the sheriff paid over the $500 to E. V. Burke.

In March, 1909, this judgment was reversed, and the superior court, as directed by the appellate court, entered judgment on its findings in favor of E. R. Maze.

Thereafter Maze brought the present suit to recover from the sheriff $500, together with interest and costs and the twenty-five per cent penalty provided for in section 4317 of the Political Code. The trial court found the facts substantially as related above, and rendered judgment in favor of Maze against Langford and his surety, the American Bonding Company, for the $500 demanded with interest and costs, but refused to allow the penalty claimed, upon the ground that the sheriff, not having acted personally in the matter, was not liable therefor.

This appeal is prosecuted by both defendants.

When the court recalled its order staying further proceedings under the judgment the sheriff was then, if not before, at liberty to pay the money to the judgment creditor if the stay bond on appeal was defective and void. We have no doubt that the affidavit to the stay bond, failing as it does to state that the sureties were freeholders or householders, as required by section 1057, Code of Civil Procedure, omits an element essential to the validity of the bond. (*Tibbet* v. *Tom Sue*, 122 Cal. 208, [54 Pac. 741].)

Said section declares: "In any case where an undertaking or bond is authorized or required by any law of this state, the officer taking the same must . . . require the sureties to accompany it with an affidavit that they are each residents and householders or freeholders within the state, and are each worth the sum specified in the undertaking or bond

over and above all their just debts and liabilities, exclusive of property exempt from execution. . . . ''

In the case of *Tibbet* v. *Tom Sue*, 122 Cal. 208, [54 Pac. 741], after quoting the part of the section just referred to, the court, speaking of the circumstance that the sureties in an attachment proceeding were not shown to be either freeholders or householders, observed: ''Such affidavit must accompany the undertaking, for the law demands it. That the sureties upon the undertaking are either householders or freeholders is a material part of the affidavit. It is probably the most material fact demanded by the affidavit. If the affidavit may omit this statement, then the entire affidavit goes for naught, and an undertaking without any affidavit of the sureties whatever would support the writ, even as against a motion by the defendant to discharge it.''

The plaintiff in the present case, however, contends that the defendant sheriff had no right to question the validity of the undertaking; and he relies on the case of *Sam Yuen* v. *McMann*, 99 Cal. 497, [34 Pac. 80]. That case is not in point. There the sheriff refused upon demand to release from levy personal property taken upon an execution, giving as his reason that the assignors of plaintiff were not entitled to such release until the sureties upon the undertaking staying execution of the judgment had justified. But the court held that according to the explicit language of section 946, Code of Civil Procedure, the ''effect of perfecting an appeal and giving an undertaking was . . . to release from levy property levied upon under execution issued upon such judgment,'' irrespective of any question as to the sufficiency or insufficiency of the sureties, and that therefore the sheriff's position could not be sustained. It was not held in that case that the sheriff would be warranted in retaining property held by him under execution on a judgment where the stay bond on appeal was, as in the present case, absolutely void. The justification of the sureties on a bond is a thing apart from its validity; while on the other hand the qualification of the sureties is a material part of the bond.

The judgment and order are reversed.

Hall, J., and Lennon, P. J., concurred.