# JOHN FOWLER & COMPANY (LEEDS) LIMITED

*v.*

# FINLAY BROTHERS AND WAYMOUTH TRADING COMPANY ET AL.

---

San Juan, Law, No. 948.

### ON MOTION TO SET ASIDE ATTACHMENT.

Attachment—Petition For.

    1. Under the Porto Rican law, § 371, Revised Statutes, an attach-
ment cannot be granted unless an action is entered and petition filed
stating points of law and fact; and a petition referring to a com-
plaint which contains a full statement is sufficient.

Attachment—Bond.

    2. The Porto Rican law as to attachments, Revised Statutes, §§ 369–
386, is, as to bond, to be construed in connection with § 355 of the
Code of Civil Procedure.

John Fowler & Co. v. Finlay Bros.

Porto Rican Code of Civil Procedure—Strict Construction.

3. The Porto Rican Code of Civil Procedure is largely modelled upon that of California, which requires that all preliminary provisions must be strictly followed.

Federal Practice—Conformity in Attachment.

4. Under Revised Statutes, § 915, U. S. Comp. Stat. 1901, p. 684, the local attachment law may be adopted by a Federal court by general rules; but this has not been done in Porto Rico, and the local law is followed by comity.

Federal Practice—Amendment.

5. Under § 954 of the Revised Statutes, U. S. Comp. Stat. 1901, p. 696, pleadings and process may be amended for any defect or want of form, and this applies to attachment, although under the local procedure such amendment would not be allowed. The lack of justification on an attachment bond may be cured subsequently.

Opinion filed May 13, 1913.

Messrs. *F. H. Dexter* and *A. Diaz Vera* for plaintiff.

Messrs. *H. G. Molina* and *Ethan Judd* for defendants.

HAMILTON, Judge, delivered the following opinion:

This cause comes on now to be heard upon a motion by the receivers of the defendants, seeking to have the order of attachment set aside on several grounds.

The complaint was filed in this cause on April 9th, and on the same day there was filed the petition for attachment, duly verified, alleging a necessity for a writ of attachment on sufficient of the lands, tenements, goods, and chattels of defendants to pay and discharge any judgment which the plaintiff might obtain. The next day an order was made for such at-

tachment upon giving bond for $15,000, with sureties satisfactory to the clerk, the attachment to be on sufficient property of the debtor to cover the amount claimed. The attachment was duly levied, and on April 21st notice was given of the motion to discharge the attachment above mentioned.

The first ground for discharge is that the petition does not comply with § 371 of the Revised Statutes of Porto Rico. This provides:

"None of the preceding remedies shall be decreed, unless an action is entered, and a petition praying such remedy is made containing a statement of the points of law and fact on which it is based."

In the opinion of the court, the petition contains a substantial statement of the points of law and fact upon which it is based, and refers to the complaint which has been filed. So far, therefore, as relates to this ground, the motion is over-ruled.

The second ground of the motion presents several specifications, such as: (1) The bond is not sworn to in accordance with the Porto Rican act of March 12, 1908; (2) it does not contain the sworn statements required by law as to ownership of realty in double the amount of the bond; and (3) it responds to damages to be sustained from an attachment issued by the clerk, instead of one to be issued by the court.

The conceded fact in the case is that the bond as filed contained no affidavit or justification, and that these were not added until April 19th, after the levy of the attachment. No question is made as to the sufficiency of the sureties, and no point is raised as to the form of the bond or obligation. The question raised is whether, after a solvent bond has actually

been given, the attachment can be discharged because the preliminary affidavit and justification were not filed together with the bond. This requires an examination, not only of the law of Porto Rico concerning bonds, but also of the Federal law governing the procedure of this court.

The local law as to attachments is to be found in the Revised Statutes of Porto Rico, §§ 369 to 386 (vol. 1902, pp. 166–171), entitled: "An Act To Secure the Effectiveness of Judgments." Sec. 3 of said act, as amended in 1903, reads as follows:

"None of the preceding remedies (of attachment) shall be decreed, unless an action is entered, and a petition praying such remedy is made, containing a statement of the points of law and of fact on which it is based. The petition praying for any such remedy may be entered when the action is entered, or at any stage of the proceedings before final judgment."

Sec. 4 provides:

"If it be clearly shown by means of any authentic document that the fulfilment of the obligation may be legally enforced, the court shall decree the remedy without bond.

"In any other case, it shall be required that a bond be furnished. The bond thus given shall secure the defendant against any damage caused to him by reason of the remedy."

Sec. 5 defines "authentic documents," and § 6, as amended, provides as follows:

"Personal security can only be given by such persons as pay into the treasury of Porto Rico, in the capacity of real estate owners, a tax on property representing a capital double the value of the bond required by the court for ordering the remedy."

The only requirements as to form of bond, which seem ap-

VI. Porto Rico—12.

plicable, are contained in § 355 of the Porto Rican Code of
Civil Procedure, and are as follows:

"In all cases where an undertaking with sureties is required
by the provisions of this Code, the officer taking same must
require the sureties to accompany it with an affidavit that they
are each residents and householders or freeholders within the
said island, and each are worth the sums specified in the under-
taking, over and above all their just debts and liabilities, ex-
clusive of property exempt from execution; but when the
amount specified in the undertaking exceeds $2,000, and there
are more than two sureties thereon, they may state in their
affidavits if they are severally worth amounts less than that
expressed in the undertaking, if the whole sum be equivalent
to that of two sufficient sureties."

The Federal law as to this court is contained in § 14 of the
organic act, commonly called the Foraker act, of April 12,
1900 (31 Stat. at L. 77, chap. 191), which is as follows:

"That the statutory laws of the United States not locally
inapplicable, except as hereinbefore or hereinafter otherwise
provided, shall have the same force and effect in Porto Rico as
in the United States, except the internal revenue laws, which
in view of the provisions of section three, shall not have force
and effect in Porto Rico."

Sec. 34 of the same act provides that this court "shall have,
in addition to the ordinary jurisdiction of district courts of
the United States, jurisdiction of all cases cognizant in the cir-
cuit courts of the United States, and shall proceed therein in
the same manner as a circuit court."

The procedure of circuit and district courts of the United
States is provided for in §§ 915 and 954 of the Revised Stat-

utes of the United States, U. S. Comp. Stat. 1901, pp. 684, 696. Sec. 915 is as follows:

"In common-law causes in the circuit and district courts the plaintiff shall be entitled to similar remedies, by attachment or other process, against the property of the defendant, which are now provided by the laws of the state in which such court is held for the courts thereof; and such circuit or district courts may, from time to time, by general rules, adopt such state laws as may be in force in the states where they are held in relation to attachments and other process: *Provided,* That similar preliminary affidavits or proofs, and similar security, as required by such state laws, shall be first furnished by the party seeking such attachment or other remedy."

It is to be remarked that there is no "general rule" of this court adopting Porto Rican procedure, and that this procedure is followed under the principles of comity obtaining between courts.

Sec. 954 of the Revised Statutes is as follows:

"No summons, writ, declaration, return, process, judgment, or other proceedings in civil causes, in any court of the United States, shall be abated, arrested, quashed, or reversed for any defect or want of form; but such court shall proceed and give judgment according as the right of the cause and matter in law shall appear to it, without regarding any such defect, or want of form, except those which, in cases of demurrer, the party demurring specially sets down, together with his demurrer, as the cause thereof; and such court shall amend every such defect and want of form, other than those which the party demurring so expresses; and may at any time permit either of the parties to amend any defect in the process or pleadings, upon

such conditions as it shall, in its discretion and by its rules, prescribe."

The Porto Rican Code of Civil Procedure is largely modelled upon that of California, and the California decisions as to attachment hold that all provisions must be strictly followed, or no rights will be acquired. Thus, it has been held that the undertaking should precede the writ and accompany the affidavit, and that the affidavit must state as a material fact that the sureties are householders or freeholders. Tibbet v. Tom Sue, 122 Cal. 206, 54 Pac. 741.

Sec. 954 of the Revised Statutes as to amendments is not controlled or limited by § 914, which directs that the Federal practice shall conform, as near as may be, to that of the state courts. Kent v. Bay State Gas Co. 93 Fed. 887.

Sec. 954, accordingly, has been broadly construed by the courts in aid of the right of amendment. Thus amendment is allowed in garnishment proceedings. Booth v. Denike, 65 Fed. 48.

A defective removal bond may be amended by the substitution of a new bond *nunc pro tunc*. Harris v. Delaware, L. & W. R. Co. 18 Fed. 833.

Even where a complaint at the time of attachment did not contain jurisdiction averments, an amendment was allowed on a motion to discharge the attachment, where the amendment would bring on record jurisdictional facts actually existing from the commencement of the suit. This decision of the circuit court of appeals goes even further than is necessary for the purposes of the suit at bar. Bowden v. Burnham, 8 C. C. A. 248, 19 U. S. App. 448, 59 Fed. 752.

The section has been applied to defects appearing on an

application for a preliminary injunction. American Steel & Wire Co. v. Wire Drawers' Die Makers' Unions, 90 Fed. 598.

The right of amendment and its extent are controlled by the Federal legislation, and not by the local law. Mexican C. R. Co. v. Duthie, 189 U. S. 76, 47 L. ed. 715, 23 Sup. Ct. Rep. 610.

The amendment of the proceedings, therefore, by the addition of the affidavit and justification, cured whatever defect existed, and this ground of the motion is overruled.

The point that the bond or obligation refers to damages which might be sustained by reason of an attachment issued by the clerk is not well taken, since, under rule 17 of this court the clerk is made the agent of the court for all such purposes, and the allegation of this bond will be considered as a substantial compliance with the law.

The motion, therefore, to set aside or discharge the order of attachment in this case is overruled, and an order will be entered accordingly.