# WHITCOMB, Respondent, *v.* BEYERLEIN, Appellant.

(No. 6,440.)

(Submitted March 29, 1929. Decided April 15, 1929.)

[276 Pac. 430.]

*Mr. F. W. Mettler,* for Appellant, submitted a brief, and argued the cause orally.

*Mr. J. Miller Smith, Mr. Paul W. Smith* and *Mr. David R. Smith,* for Respondent, submitted a brief, and argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

On December 14, 1927, plaintiff recovered judgment against the defendants for the restitution and possession of certain described land situated in Lewis and Clark county. On December 29, 1927, execution thereon was issued and placed in the hands of the sheriff for service. The return of the sheriff shows that the writ was served on February 11, 1928, "by delivering the possession of the real property described" to plaintiff and by delivering a copy of the writ, together with a copy of the judgment, to Jane E. Beyerlein. On February 15, 1928, the defendants filed notice of appeal to this court from the judgment. On the same day a supersedeas bond signed by individual sureties, conditioned as provided in section 9738, Revised Codes of 1921, was filed. On February 25, notice of exception to the sufficiency of the sureties and to the form of the undertaking was served and filed by plaintiff. On March 5, 1928, the defendant Jane E. Beyerlein filed application for an order to show cause, in which she requested that the writ of execution be recalled and "that she be restored to possession of said lands and premises pending the said appeal." An order to show cause was issued on the seventh day of March, requiring plaintiff and the sheriff of Lewis and Clark county to appear before the court on March 12 and

show cause why the writ of execution should not be recalled and the execution of the judgment stayed pending the appeal therefrom to this court. On March 12, hearing on the order to show cause was had, and the court, Hon. B. B. Law presiding, made an order denying the application. This appeal was taken from that order by defendant Jane E. Beyerlein.

The contention of defendant is that at the time she applied to have the execution recalled and stayed, and at the time of the entry of the order denying her application, she had perfected an appeal from the judgment, had furnished a supersedeas bond, and that the writ had not in fact been executed as shown by the sheriff's return. It is contended by defendant that her rights on this appeal must be measured by the conditions existing at the time of the making of the order appealed from. Accepting the latter contention as correct, the question, then, is: Was a valid supersedeas bond filed and in effect when the order complained of was made?

Under section 9738, supra, the execution of a judgment directing the delivery of possession of real property cannot be stayed "unless a written undertaking be executed on the part of the appellant," conditioned as therein provided.

Under section 9825, as well as section 9827, Id., such undertakings must be accompanied with an affidavit by the sureties that they are "householders or freeholders within the state." The affidavit accompanying the undertaking here in question did not contain a statement that the sureties were householders or freeholders within the state. The affidavit accompanying an undertaking must comply substantially with the statutory requirements. (3 C. J. 1147.)

In *Tibbet* v. *Sue*, 122 Cal. 206, 54 Pac. 741, the supreme court of California, in speaking of the sufficiency of an undertaking on attachment under statutes similar to our sections 9825 and 9827, supra, where the affidavit omitted the statement that the sureties were householders or freeholders, said: "Such affidavit must accompany the undertaking, for the law demands it. That the sureties upon the undertaking are either householders or freeholders is a material part of the affidavit.

It is probably the most material fact demanded by the affidavit. If the affidavit may omit this fact, then the entire affidavit goes for naught, and an undertaking without any affidavit of the sureties whatever would support the writ, even as against a motion by the defendant to discharge it.'' The court in the case of *Maze* v. *Langford*, 16 Cal. App. 743, 117 Pac. 929, held that an affidavit accompanying a stay bond which failed to state that the sureties were freeholders or householders ''omits an element essential to the validity of the bond.''

In consequence, it follows that at the time the order here complained of was made, to-wit, on March 12, the defendant had not furnished a supersedeas bond in the form required by statute. A stay of execution of a judgment directing the delivery of possession of real property is expressly prohibited by section 9738 unless a valid undertaking be executed.

The order here complained of was not made, as stated, until March 12, or fifteen days after notice was served excepting to the sufficiency of the sureties and to the form of the undertaking, and the defendant did not amend the undertaking or file a new one curing the defects, and the sureties failed to justify. The court on March 16, 1928, made an order sustaining plaintiff's exception to the sufficiency of the sureties, and it was conceded in the oral arguments that the appeal from the judgment was dismissed.

The court under the circumstances here disclosed, did not err in entering the order denying the application to have the execution recalled and stayed.

We have not overlooked the provisions of section 9741, Revised Codes of 1921, which imply that a judgment is stayed for twenty days after the service of the notice of exception to the sufficiency of the sureties. Exception to the ''sufficiency'' of the sureties within the meaning of this section has reference to their ''solvency or pecuniary sufficiency,'' rather than their qualifications to act as sureties. (3 C. J. 1143, note 16.)

Here exception was taken, not only to the sufficiency of the sureties, but to the form of the undertaking. The objection to the form of the undertaking challenged the qualifications of the sureties in respects other than their financial worth. The discussion by the court in the case of *Schacht* v. *Odell,* 52 Cal. 447, is here pertinent.

Since the conclusion of the court was correct for the reasons stated, it is not necessary to decide whether the order complained of is sustainable on the theory that the judgment had been fully executed at the time the order was entered. The rule is that if the conclusion of the trial court is correct, it is immaterial what reasons were assigned for it. (*Minneapolis Steel & Machinery Co.* v. *Thomas,* 54 Mont. 132, 168 Pac. 40; *Hale* v. *Belgrade Co., Ltd.,* 75 Mont. 99, 242 Pac. 425, 430.)

The order is accordingly affirmed.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MATTHEWS, GALEN and FORD concur.