GERMÁN ORTIZ, Plaintiff and Appellee, *v.* PEDRO G. QUIÑONES, Defendant and Appellant.

No. 4812.   Argued March 7, 1930.—Decided June 27, 1930.
Rehearing denied July 10, 1930.

*P. G. Quiñones* for appellant.   *L. Tirado* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

German Ortiz brought an action of debt against Pedro G. Quiñones and moved for an order to secure the effectiveness of the judgment that might be rendered in the action. The complaint was filed on June 27, 1928. The order of attachment was applied for and obtained on the same date, to be executed after a bond in the sum of one thousand dollars had been furnished. That bond was given, and an attachment was levied on property of the defendant.

In this situation, on September 12, 1928, the defendant applied to the district court for the dissolution of the attachment because the bond relied upon for the issuance of the attachment was subscribed on June 25, 1928, that is, two days before the filing of the complaint in the action; and because the undertaking was ambiguous and insufficient.

The court heard both parties on the motion and, on October 9, 1928, it held that the bond was in fact ambiguous, but allowed the attachment to continue in force for five days, and permitted the plaintiff to file a new bond during that time. On October 13 a new bond was furnished, and on the 18th of the same month the defendant appealed from the order made on the 9th.

Three errors have been assigned by the appellant in his brief. He claims by the first that the bond was null and void because it had been executed two days before the filing of the complaint.

Undoubtedly, a bond in which mention is made of an action not yet commenced, as if it had been brought, and of an order to secure the effectiveness of a judgment which has not been issued, as if it were in full force, is somewhat at variance with reality and, as soon as the inconsistency is discovered or challenged, it must not be allowed to stand; but the occurrence is explainable if we consider the purpose sought by a plaintiff in moving to secure the effectiveness

of the judgment and the practice of suing out an attachment at the time the complaint is filed; with the plaintiff ready to make a levy as soon as possible under a bond, whose amount is generally known beforehand from the action taken by the court in similar previous cases.

In *Wheeler* v. *Farmer*, 38 Cal. 203, 215, the Supreme Court of that State said:

"The only remaining specification of error is based upon the alleged insufficiency of the affidavit for attachment. The objection that the affidavit was made before the commencement of the suit, is manifestly untenable. Although, under our code, a writ of attachment cannot properly issue until after the commencement of the suit, to which it is only auxiliary, still there seems to be no valid objection to a complete preparation of all the papers requisite to the writ of attachment before or at the same time the complaint is prepared, so that the affidavit and undertaking in attachment be not filed in advance of the original complaint, and the writ not issued in advance of the summons and certified copy of the complaint, to which it is incident."

In our view the bond, although defective, was not entirely null and void as claimed by the appellant, and the court ought to have ordered the defect corrected within a reasonable time and should not have ruled, as it did, that the practice which had been followed was authorized by law.

A litigant may have all his documents ready to be signed at the right time. He can not, however, be permitted to alter the truth, and it is an alteration of the truth to recite, as occurring on June 25, 1928, events which actually took place two days after that date. Once everything has been cleared up, the truth may be allowed to be established in acccordance with the jurisprudence, and as the district court ordered the bond to be substituted by another because it regarded the original undertaking as ambiguous with respect to a certain particular, the requirements of a good practice were complied with.

By the second assignment of error the appellant urges

that, once the court had held the bond to be ambiguous, it could not allow the attachment to remain in force.

It all depends in what the ambiguity consists. In stating the grounds for its decision, the trial court expressed itself as follows:

"As to the ambiguity in the bond regarding the name and property of one of the sureties, we think the defendant is right. The fact that one of the sureties signed his name as E. Fuertes and stated under oath that he owns a house on 'Carretera Nueva' in Santurce is not sufficient. The defendant is unable to investigate either the surety or his property in order to ascertain the effectiveness of the security given. The fact that the bond was sworn to before a notary, who is also the attorney for the plaintiff, neither adds to nor strengthens the legality of the undertaking; nor does it correct its ambiguity. An attachment bond must be clear, specific, express, and the defendant must be enabled to know therefrom who the surety is and what is the property offered as security. The objection is well founded."

That being so, we consider the ambiguity to be of such a nature that, although it required an amendment, it nevertheless permitted the validity of the instrument to become somewhat apparent, and it was within the power of the court, in the furtherance of justice, to allow the attachment to stand for the brief period of five days.

This question of the survival of the attachment must also be considered in connection with the first assignment of error, in the light of whether the rights of the defendant were duly protected. To establish the affirmative of this proposition, it will suffice to reproduce the following quotations included in the brief of the appellee:

"Where the undertaking has accomplished its purpose of procuring the attachment or release of the property it will not be deemed to be invalidated by any irregularity in the proceedings, or rather the sureties in an action seeking to hold them liable will be held estopped to set up any such irregularity as a defense." 2 R.C.L. 888.

"Failure of the sureties on an attachment bond to justify as to their responsibility is a mere irregularity, that may be cured, and

will not render such bond and the proceedings under the writ of attachment void." *Baxter* v. *Smith*, 2 Washington T. 97, 4 Pac. 35.

"Although the wording of a bond may be vague or uncertain, yet if, considering the purpose for which given and in connection with evidence to explain the language used, the terms and conditions can be made clear and certain, the instrument will be valid; it is sufficient, if the parties' intention plainly appears, although it is not fully and particularly expressed." 9 C. J. 9, sec. 5.

The third and last error assigned relates to the insufficiency of the amount for which the bond was given.

The prayer of the complaint is for $549.74, with interest thereon and costs, estimated at $350. The bond was required and given for $1,000. Evidence was heard and the court ratified the amount fixed. Perhaps it ought to have been a little larger; but we do not think that we should interfere with the discretion of the court in this respect, in the absence of manifest error or obvious injustice.

For the foregoing reasons, the order appealed from must be affirmed.

Mr. Justice Wolf and Mr. Justice Texidor dissented.

Mr. Justice Wolf, dissenting.

My idea is that the bond prematurely issued was entirely null and void and, hence, insufficient to sustain the attachment. If, as held by the court, the bond served any purpose for the period of five days, similarly it would serve for six and so on *ad infinitum*. The idea of a bond is to secure the defendant, and here he could have in my opinion no recourse on the bond as originally filed. Hence the attachment should have been annulled.

ON MOTION FOR REHEARING

Mr. Chief Justice Del Toro delivered the opinion of the Court.

We are asked to reconsider our judgment of June 27, last, whereby the decision appealed from was affirmed. The former arguments are insisted upon, and it is maintained

that the jurisprudence of California supports the contention of the appellant. Citation is made of the case of *Tibbet* v. *Tom Sue,* 122 Cal. 206, in which the Supreme Court of that State expressed itself as follows:

"Respondent asks the privilege of amending the undertaking, if it be held defective by this court. For such relief he invokes section 473 of the Code of Civil Procedure, wherein amendments are allowed to pleadings or proceedings in furtherance of justice. In speaking as to an application to discharge a writ of attachment, the code says: 'If upon such application it satisfactorily appears that the writ of attachment was improperly or irregularly issued, it must be discharged.' (Code Civ. Proc., sec. 558.) This section is specific and expressly directed to the subject of attachments. It must be held to control and limit the general provisions of the aforesaid section 473. The law-making body has declared what shall be the action of the court under the circumstances here presented, and such action demands that the writ should be discharged. It is said in Winters v. Pearson, 72 Cal. 553, that the *affidavit* on attachment is not amendable. The undertaking upon attachment stands upon the same ground."

However, there is a great difference between the facts in that case and those in the case at bar. In the California case "The undertaking on attachment does not show the sureties thereon to be either householders or freeholders." In the present case a mere ambiguity was involved; the statutory requirement was complied with, in showing in an entirely correct manner the status as property-owner of one of the sureties, and in stating as to the other surety that he owned a house on the "Carretera Nueva" (a street) in Santurce. What the court deemed to be lacking was a more specific statement as to the location of the property, and it permitted this omission to be supplied by an amended bond.

Besides, section 558 of the Code of Civil Procedure of California, on which the Supreme Court of that State based its decision in the *Tibbet* case, *supra,* is a part of the chapter on "Attachment", omitted from our Code of 1904, and even if it had not been so omitted, it could not be applied in the

form which is quoted in the said decision, rendered in 1898,. because that section was amended in 1901 by adding thereto:. "*Provided, however,* that when an irregularity in the proceed-- ing can be corrected by amendment, such amendment may be· permitted, subject to the provisions of section four hundred: and seventy-three"; and section 473. is identical with the well-known section 140 of our Code of Civil Procedure many times construed by this court.

For a more detailed study of the question as to what. defects and irregularities render an attachment void, see the· note to *Fridenberg* v. *Pierson* (18 Cal. 152) on pages 164 to 174 of vol. 79, American Decisions.

As to the date of the bond, it will suffice to remember· that, although it is true that the undertaking was prepared: beforehand in the form and under the circumstances stated' in our opinion of June 27 last, it did not come into force or· become effective until after the complaint had been filed and the attachment ordered. It was then presented for the pur-- pose of obtaining the writ of attachment, and at that moment the facts recited in the bond were entirely true.

The motion to reconsider must be denied.

Mr. Justice Wolf and Mr. Justice Texidor dissented.