THE GOODYEAR TIRE & RUBBER EXPORT Co., LTD., Plaintiff and Appellee, *v.* RAMÓN BRUGUERAS, ETC., Defendant and Appellant.

No. 5965. Argued February 3, 1933.—Decided March 10, 1933.

Angel A. Vázquez for appellant.   Emilio S. Belaval for appellee.

Mr. Justice Córdova Dávila delivered the opinion of the Court.

On November 9, 1931, The Goodyear Tire & Rubber Export Co., Ltd., brought an action of debt in the District Court of San Juan against Ramón Brugueras or his unknown heirs, to recover the sum of $1,659. At the plaintiff's request, and upon the posting of a bond for $2,000, property was attached to secure the effectiveness of the judgment. The bond having been executed by The Great American Indemnity Company, and the requested attachment having been levied, Juana Acevedo, widow of Brugueras, appeared in this case and asked the court to annul the bond posted by the plaintiff and to vacate the attachment. This motion was argued by the parties, and the lower court held that the bond was defective on the following grounds:

A. Because as the surety is a surety company, it must appear from the face of the bond that said company has complied with all of the legal requisites enabling it to engage in the business of acting as surety on bonds, among which requisites is that such corporation must have a paid-in capital of not less than $100,000.

B. Because in said bond the affidavit of R. Porrata Doria, who executed said bond as the attorney in fact of The Great American Indemnity Company, is fatally defective, inasmuch as he did not subscribe such affidavit, but appeared before the notary who attests that Mr. Porrata has sworn to certain statements, but such statements do not appear authorized by the signature of the affiant, nor does the

said affidavit show his personal circumstances, to wit, age, condition, profession, and residence.

C. Because said bond was executed only for one year, that is to say, that the surety obligated itself to pay only the damages that might be sustained by the defendant that should originate within one year after the date of said bond.

The court granted the plaintiff five days in which to file an amended bond, correcting the defects noted, and making the new bond effective from the date on which the original bond was issued. The defendant has appealed, and urges that said bond is null and void because it was executed without justification of solvency, because it has not been sworn to, and because it did not appear that the surety corporation had a paid-in capital of not less than $100,000.

The bond recites the nature of the action; the amount claimed; the motion for attachment filed in order to secure the effectiveness of the judgment, upon the posting of a bond to answer for the damages that might result to the defendant; and ends with the following paragraph:

"Therefore, we, The Goodyear Tire & Rubber Export Co., Ltd., as principal, and The Great American Indemnity Company, a corporation organized under the laws of the state of New York, duly authorized to engage in the business of acting as surety on bonds in Puerto Rico, obligate and bind ourselves to pay, jointly and severally, to the defendant, Ramón Brugueras, his heirs, successors, or assigns, up to $2,000, in whole, or in the part necessary to compensate him for the damages that he may sustain by reason of any wrongful attachment of his property which may be made to secure the effectiveness of the judgment that may be rendered in favor of the plaintiff, if such damages originate within one year from this date."

The Act to secure the effectiveness of judgments does not specify the form of the bond. Nevertheless, said bond should comply with all the requirements of the legislation in force. Where it does not appear in an authentic document that the obligation is demandable, the court, in order to

decree the attachment, shall require a bond which will answer for the damages which might be sustained by the defendant as a consequence of the attachment. According to section 355 of the Code of Civil Procedure, in all cases where an undertaking with sureties is required by the provisions of. the Code, the officer taking the same must require the sureties to accompany it with an affidavit that they are each residents and householders or freeholders within the Island of Puerto Rico, and are each worth the sums specified in the undertaking, over and above all their just debts and liabilities, exclusive of property exempt from execution.

The law is not as strict in Puerto Rico as in the mainland in respect to attachments to secure the effectiveness of judgments. There the statutes generally require as a ground for issuing the writ of attachment, a sworn statement in favor of the plaintiff stating the merits of his claim, which affidavit is the jurisdictional basis of the proceeding. When it is lacking, or is found to be defective, the writ of attachment and all of the ensuing proceedings are null and void. In Puerto Rico it is sufficient to file the complaint and post a bond. The sureties, as has been seen, must comply with the requirements of section 355 of the Code of Civil Procedure. As far as pertinent to the requirements of the bond concerning the justification of the sureties, this Court, in the case of Ortiz v. Quiñones, 41 P.R.R. 260, cites the case of Baxter v. Smith, 2 Wash. T. 97, 4 Pac. 635, which holds that the failure of the sureties on an attachment bond to justify as to their responsibility is a mere irregularity, that may be cured, and will not render such bond and the proceedings under the writ of attachment void.

The Supreme Court of California, in the case of Tibbet v. Tom Sué, 122 Cal. 206, decided in 1898, held that a bond in which it does not appear that the sureties are owners of real property is defective, and cannot be amended according to section 558 of the Code of Civil Procedure. This section of the code, which, by the way, is not in force in Puerto Rico,

has been amended to permit the correction of irregularities in the proceeding as provided by section 473, which is equivalent to section 140 of our code. In the case of *Wilson* v. *Eagleson,* 71 Pac. 615, decided by the Supreme Court of Idaho in 1903, it was also held that a bond which does not contain a declaration that the sureties are owners of real property, is not null and void.

In the case of *Ingalls* v. *Nutters,* 172 N.Y.S. 213, it was alleged by the defendant, as ground for vacating the writ of attachment, that the bond posted therefor was defective, because the sureties in their affidavit did not state that they were owners of real property. The Supreme Court of New York, Special Term, permitted an amendment *nunc pro tunc,* in accordance with section 723 of the Code of Civil Procedure, to show in the bond that the sureties were owners of real property.

The jurisprudence cited indicates that an omission in the bond as to the solvency of the sureties may be corrected by amendment. In the instant case, the surety company stated in the bond, using the words of the statute, that it is a corporation organized under the laws of the State of New York, and duly authorized to engage in the business of becoming a surety upon bonds in Puerto Rico. It is alleged that it was not stated that said corporation has a paid-in capital of not less than $100,000, and it is argued that this omission is fatally defective. We do not agree. We are of the opinion that the lower court did not err in permitting an amendment to correct the defect. The second error assigned to the court *a quo* has as its ground that said court should have held that the bond was null and void, because R. Porrata Doria, who appears signing for the Great American Indemnity Company, does not swear that he is an authorized officer of said company, nor that he has a power of attorney to sign bonds in its behalf, and because the affidavit authorized by notary Emilio S. Belaval, does not

state the age, status, profession, and residence of Porrata Doria.

The purpose of the Act to secure the effectiveness of judgments is to provide the plaintiff with the means to make his rights effective, should he obtain a favorable decision, and at the same time, to offer the defendant, through the posting of a bond where it does not appear in an authentic document that the obligation is demandable, sufficient security for any damages that he might sustain if the action brought against him should be unsuccessful. The affidavit which must accompany the bond, as provided by section 355 of the Code of Civil Procedure, is required of the party who executes the bond for the protection of the party in whose favor it is issued. The defendant may object to the sufficiency of the bond; but the surety is not released from the obligation legally contracted by him upon subscribing the bond, by the fact that the affidavit has been omitted. The obligation to reimburse the defendant for the damages that he may sustain, continues even though the affidavit is defective, or when no affidavit has been made. This doctrine, which, in our opinion, is the law in Puerto Rico, embodies a principle of justice and equity sustained by the jurisprudence. In the case of *Moffat* v. *Greenawalt,* 27 Pac. 297, the Supreme Court of California held that where a bond is posted for appeal, the sureties continue to be liable even though there has been an objection as to the sufficiency of the bond, and where said sureties have not justified as to their solvency. If the execution of the judgment has been stayed because of the bond, the sureties are not released from liability, even though the appeal should be denied on the ground of the insufficiency of the bond. In that decision the cases of *People* v. *Shirley,* 18 Cal. 121, and *Murdock* v. *Brooks,* 38 Cal. 596 are cited. In the case of *Carpenter* v. *Furrey,* 61 Pac. 369, said Supreme Court declared:

"The requirement of section 1057, Code Civ. Proc., that the sureties shall justify by affidavit accompanying the bond, is intended

solely for the protection of obligees, and it does not lie in the mouth of the sureties to object to the sufficiency of the bond because of their faiure to comply with this provision of the law.''

According to our law, it is indisputable that the defendant in the case of an attachment to secure the effectiveness of the judgment has the right to require that the sureties comply with the provisions of the statute by giving him the security therein prescribed. We are of the opinion that if the liability of the sureties subsists in spite of the fact that the affidavit is defective or that it has been omitted, the court is authorized to allow amendments or the execution of a new affidavit. If the plaintiff does not fulfill the requirements of the law, the attachment should be vacated. In the instant case, permission was granted to the plaintiff to amend the bond, correcting the defects thereof. If the plaintiff is willing to correct the defects noted, and if the rights of the defendant are secured, the purpose of the law will have been fulfilled from the moment that both the plaintiff and the defendant are protected in their rights.

Lastly, it is urged that the bond is null and void because the surety company specifically states that it will pay the damages that the defendant may sustain, provided said damages originate within one year from the date of the bond. This bond was issued on November 2, 1931. Two months later, on January 11, 1932, the lower court granted the plaintiff five days in which to amend the bond. On this date there still remained ten months until the expiration of the period fixed by the surety company for its liability for the damages that might be sustained by the defendant as the result of a wrongful attachment. The bond, in the form in which it was originally drawn, is defective because it does not properly protect the rights of the defendants, but if the plaintiff and the surety company accept the order of the court, and proceed to amend the bond so that it complies with all of the legal requirements without limiting its effects as to time, and so that it amplifies the liability for the damages that the de-

fendant may sustain in case the action should prove unsuccessful, then said defendant will have obtained all of the security to which he is legally entitled, and his rights will not be defeated by the defects of the original bond. The lower court did not exceed its authority by granting the plaintiff permission to correct this defect.

The order appealed from must be affirmed.